MOORE v. SMITH.

1. Under an action by heirs at law to recover the lands of their ancestor
   from one who had purchased at a judicial sale to which they were not
   parties, it was referred to the master to inquire and report how much
   of the purchase money had been applied to valid debts of the ancestor.
   The purchaser made proof of a debt to which his money had been so
   applied, but plaintiffs contended that such debt was barred by the
   statute of limitations before such payment. *Held*, that the *onus* was
   on the plaintiffs to show that the time necessary to create such bar had
   elapsed.

2. Under the act forbidding suits against administrators for nine months
   after intestate's death, that length of time must be added to the period
   prescribed in the statute of limitations.

Before WITHERSPOON, J., Richland, November, 1887.

The opinion states the case.

*Messrs. Lyles & Haynsworth*, for appellant.

*Mr. F. W. McMaster*, contra.

September 26, 1888. The opinion of the court was delivered by
MR. JUSTICE McGOWAN.  This action was commenced by the
plaintiffs for the recovery of a tract of land, upon the ground that

it had belonged to their ancestor, Edgar Doby, who died intestate in 1882; that the land had been sold by order of the Probate Court for the payment of the debts of the decedent. The plaintiffs, his heirs, had not been made parties to said proceedings, and in consequence they recovered the land from Smith, the purchaser, and it was referred to the master to report how much, if any, of the money paid for the land at the sale thereof was applied to the just and *bona fide* debts of the deceased, Edgar Doby. See 24 S. C., 316. It is under this order of reference that the questions in the case arise.

One McCraney, as assignee, presented a judgment alleged to have been recovered in a trial justice court against the deceased by one Jennings, which had been paid out of the purchase money of the land. The master disallowed the judgment as such, but Judge Wallace referred the report back to the master for further testimony as to the validity of the cause of action against the estate of Doby. After several references the master reported, finding as matter of fact, "that some time in the year 1875, the deceased, Doby, gave his note to one Jennings, as agent; that it could not be clearly ascertained when the note fell due; thinks it matured some time in the fall of 1876; that in the latter part of February, 1881, Doby died intestate, and on November 18, 1882, Jas. E. Green was appointed his administrator; and that on February 9, 1883, the administrator paid the note.

And as matter of law, he found as follows: "I am of the opinion that the statute was suspended for nine months at least from the grant of administration, so that the question of fact presented is, whether on the 18th November, 1882, six years had elapsed from the maturity of said note. Under the plea of the statute, I think the *onus* is upon the defendant to show that such period had *not* intervened. From the testimony, it is possible that such time had not elapsed; but it is also possible, and I am inclined to think a little more probable, that such time had *not* elapsed. As the defendant has *not* successfully met the *onus* cast upon him, I conclude that the said note was *not*, at the time of its payment, a valid claim against the estate of the said Doby."

Upon exceptions to this report, Judge Witherspoon confirmed it, and from his order the defendant appeals to this court upon

the following grounds: "I. Because his honor held as matter of law, that under the plea of the statute of limitations the *onus* is on the defendant herein to show that the period prescribed in the said statute had *not* intervened. II. Because his honor sustained the finding of fact by the master that 'it is a little more probable that such time had not elapsed' in the case of the note of Edgar Doby, set up by the defendant. III. Because his honor held as matter of law that said note was not at the time it was paid a valid claim against the estate of Edgar Doby, deceased. IV. Because his honor did not conclude as matter of law, that said note was, at the time it was paid, a valid claim against the estate of said Edgar Doby, deceased."

From the manner in which the case is presented, the parties are reversed. As they stand in the record, Smith seems to be the defendant, but he is really the plaintiff, insisting upon the recovery of the note in question as a valid demand against the estate of Doby. Thus understood, we think it was error to hold that the *onus* was upon Smith to show that the statutory period had *not* intervened between the maturity of the note and its payment by the administrator. One of the settled principles of pleading is, that he who affirms must prove. Where a just demand is presented, and the statute of limitations is interposed, that is new matter and must be established by him who relies upon it. Section 94 of the Code declares that the objection that the action was not commenced within the time limited, can only be taken by answer. As stated by Mr. Wait (7 *Wait Act. & Def.*, 308): "It is said that no rule of practice is more firmly settled than that to render the statute of limitations available as a defence, it must be set up and relied upon by the pleadings. * * * And the true reason for requiring the statute to be pleaded is held to be that it confesses and avoids the declaration, and therefore is not comprehended within any plea which merely denies the whole or a part of the declaration," &c. In the case of *Yancey* v. *Stone* (9 Rich. Eq., 429), it was ruled that "one who sets up the bar of the statute of limitations to an otherwise just claim, must prove strictly the facts which entitle him to the protection of the statute."

The judge, concurring with the master, also held that the

question of fact presented was, "whether on the 18th November, 1882, six years had elapsed from the maturity of the note." Within the period indicated, the debtor, Doby, had died, and administration had been granted on his estate. We think that, under the law as it then stood, the *"nine months"* within which the administrator could not be sued, should have been added to the six years. Prior to 1885, the law was as declared in section 2190 of the General Statutes: "No action shall be commenced against any executor or administrator for the recovery of the debts due by the testator or intestate, until nine months after said testator or intestate's death." As we understand it, this law was uniformly construed to give the creditor "nine months" in addition to the statutory period. In *Lawton* v. *Bowman*, 2 Strob., 190 (where the authorities are collected), it was expressly decided that "the nine months after the decease of the debtor, during which, by the act of 1789, the creditor is prohibited from suing, must be computed as additional to the four years within which, by the act of 1712, the creditor is required to sue."

It is true that the general rule is, that when the statute has begun to run, it will not be stopped by any intervening disability ; but the express provision of the law cited, as to the recovery of the debts of a decedent, constitutes one of the few exceptions. As it was expressed by Judge Evans, in *Bugg* v. *Summer* (1 McMull., 333): "The general rule is, that if the statute begins to run, it is not suspended by any subsequent event. The only exceptions, which I recollect, are infant owners of lands under the act of 1824, executors and administrators, who cannot be sued until nine months have expired, and in the case of war between nations to which the plaintiff and defendant respectively belong," &c.[1]

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

---

[1] See this matter fully discussed and the reasons for the exceptions stated, in *Hunger* v. *Abbott*, 6 Wall., 541, and *Brown* v. *Hiatts*, 15 *Id.*, 184. In *Semmes* v. *Hartford Insurance Company* (13 Wall., 160), it is said : "The law imposes the limitations and the law imposes the disability. It is nothing, therefore, but a necessary legal logic that the one period should be taken from the other."—Reporter.