## 9367

### WATSON v. SOUTHERN RY. CO.

#### (88 S. E. 461.)

DAMAGES—BREACH OF CONTRACT—AMOUNT NOT SHOWN.—Where a railroad company, which licensed plaintiff to build a station on its right of way at his own expense and act as its agent, reserved the right to revoke the license and terminate the agency at any time, which it did, its only failure to perform the contract according to terms being failure to give plaintiff written notice of the revocation of the license and to allow him 60 days thereafter to remove the building, in the absence of a showing of damage to plaintiff by such failure, he had no cause of action for breach of contract.

Before MEMMINGER, J., Edgefield, March, 1914. Affirmed.

Action by A. B. Watson against the Southern Railway Company. From a judgment for defendant, plaintiff appeals.

*Messrs. Tompkins & Wells* and *S. McG. Simkins,* for appellant, cite: *As to duty to charge request:* 67 S. C. 181. *Consideration of contract:* 20 Me. 462; 9 Cyc. 311; Anson, Contracts (8th ed.) 75. *Duty of Court to construe the contract:* 81 S. C. 226. *Waiver of condition precedent:* 69 S. S. 300. *Pleading performance:* 9 Cyc. 727 and 732; Code Civ. Proc., sec. 212; 61 S. C. 315; 70 S. C. 93; Pom. Code Rem. (4th ed.) 689. *Proof of waiver:* 4 Cyc. 256, 262, 292; 68 S. C. 388; 78 S. C. 388. *Powers of railroad commission:* 97 S. C. 77. *Cannot impair contract:* Fed. Const., art. I, sec. 10; State Const., art. I, sec. 8; 24 S. C. 567; 74 S. C. 519; Black, Const. Law (3d ed.) 723, 725. *Requests to charge:* 3 Enc. 921, 922.

*Mr. N. G. Evans,* for respondent, cites: *As to waiver:* 55 S. C. 6; 70 S. C. 16; 80 S. C. 398; 55 S. C. 6. *Charge as to waiver:* 70 S. C. 295; 57 S. C. 358; 97 S. C. 380; 80 S.

C. 398; 63 S. C. 127 and 197; 70 S. C. 183; 69 S. C. 445; 80 S. C. 531.   *Construction of contract:* 6 R. C. L., sec. 290, p. 905.   *Discretionary power of railroad commissioners:* Code, sec. 3142; 74 S. C. 80.

April 4, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

On August 2, 1895, plaintiff and defendant entered into a contract in writing, called a permit and license, wherein it was recited that plaintiff desired to erect, at his own expense, a depot at Hibernia, a station on defendant's road, on defendant's right of way, for defendant's use; and it was therein stipulated that the building should be the property of defendant during the life of the contract, and that plaintiff would act as agent of defendant at said station without compensation.   Defendant reserved the right to revoke and annul the permit and license at any time, and plaintiff agreed that he would promptly remove the building off defendant's right of way and surrender possession of the land on which it stood at the expiration of 60 days from the service on him of notice revoking the permit and license.   The depot was built, and plaintiff acted as defendant's agent at the station until the fall of 1908, when he applied for and was appointed one of defendant's ticket collectors on a run out of Atlanta, and moved to Atlanta, leaving the agency at Hibernia in charge of J. L. Youmans.   This was done with the knowledge and acquiescence of defendant.

In December, 1908, defendant applied to the railroad commission for permission to close the agency at Hibernia, on the ground that the business did not warrant keeping an agent there, and to make it a flag station for passenger trains, and a prepay station for freight.   Under the statute and rules of the commission, defendant could not close the agency without notice to the public and the consent of the commission.   After a hearing, the commission gave its con-

sent, and, after due notice to the public, the agency was closed, April 1, 1909. Plaintiff was informed by Mr. Youmans of this application of defendant to the railroad commission; but, as he was then in the employment of the railroad company, he did not deem it expedient to resist the application; but no written notice of the intention to close the agency was given to plaintiff. After he had been discharged from the service of the company as ticket collector, he wrote defendant's superintendent, on January 28, 1910, that, unless the company would pay him rent for the building which had been the depot, he would move it off the right of way, which he subsequently did. In 1913, he brought this action to recover damages for the breach of the contract, in closing the agency without giving the written notice provided for by the contract. The principal reason for requiring the notice was to give plaintiff the right and opportunity to remove the building off defendant's right of way, after defendant revoked the license. This purpose was as fully accomplished as if the purpose had been given, for plaintiff did move the building without let or hindrance; and hence the failure to give the notice did him no harm. There is no evidence tending to show that plaintiff suffered any damage whatever that he would not have suffered, if the 60 days' notice had been given.

By the express terms of the contract, defendant reserved the right to revoke the license and terminate the agency at any time. The plaintiff cannot recover damages of defendant for doing what it reserved the right to do and what plaintiff agreed it should have the right to do. The only failure of defendant to perform the contract according to its terms was the failure to give plaintiff written notice of the revocation of the license and allow him 60 days thereafter to remove the building. But there is no evidence tending to prove that plaintiff suffered any damage whatever on that account, and, therefore, it affords no cause of action.

Judgment affirmed.