15303

LIVINGSTON v. SIMS

(15 S. E. (2d), 770)

October, 1940.

*Messrs. Sims & Sims,* of Orangeburg, for appellant, █

*Mr. A. H. Moss* and *Mr. James A. Moss,* both of Orangeburg, for respondent, █

July 28, 1941.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The plaintiff-respondent brings this action to recover of the defendant-appellant, as Receiver of the defendant bank named, the sum of One Thousand Two Hundred Six and 33/100 ($1,206.33) Dollars, which he alleges in his complaint he was compelled to pay through the negligence of the bank.

It appears from the record that plaintiff was the owner of ten shares of the corporate stock of the bank which he desired to sell on August 10, 1931. He approached one of

the officers of the bank for the purpose of negotiating a sale of this stock, and this officer, who was vice-president and cashier of the bank, informed him that if plaintiff would make no further effort to dispose of the stock, the bank would dispose of it for the account of the plaintiff. The plaintiff acceded to this proposition and made no further effort to sell the stock. That on or about August 11, 1931, he received from the bank its check for $1,000.00 in full payment of this stock. That as plaintiff is informed and believes, the stock was sold to Louise Wannamaker, the wife of the vice-president and cashier of the bank with whom the plaintiff negotiated for its sale. That plaintiff relied on the statements and conduct of the bank in the particulars aforesaid, and made no further efforts to effect a transfer of the stock on the books of the bank. That it is the custom among brokers in such cases to effect transfers and complete sales of all stocks handled by them for the accounts of their customers, and the contract aforesaid was made in accordance with and reliance upon such custom. That the stock was never so transferred, and in consequence of such negligence of the bank, it remained in the name of plaintiff on the books of the bank. And when the bank closed its doors, the defendant, as receiver of said bank, recovered judgment against plaintiff for the statutory liability thereon, to wit: One Thousand Two Hundred Six and 33/100 ($1,206.33) Dollars, which plaintiff was compelled to pay, and has paid.

This action is brought to recover it.

For answer, the defendant sets up: (1) Admits the allegations of Paragraphs 1, 2, and 3 of the complaint, which allege the citizenship and residence of the plaintiff, and the corporate capacity of the Southern Bank and Trust Company, and that it closed its doors the 25th day of September, 1931, and the appointment of defendant as the Receiver to liquidate its assets and settle its affairs. The defendant also pleads the Statute of Limitations.

For a second defense: Answering the allegations contained in Paragraphs 4, 5, 6, 7, 8, 9, and 10 of the com-

plaint, alleges that this defendant has no knowledge of the facts alleged therein, but on information and belief denies the same. Admits the allegations contained in Paragraph 11. Denies each and every allegation contained in the complaint not herein specifically admitted.

For a further defense, and answering the allegations of Paragraph 8 of the complaint, defendant alleges that notwithstanding the power contained in the charter of the bank allowing it to engage in a stock and bond brokerage business, it never engaged in any such business; did not act as broker in the handling of stocks and bonds, and therefore any custom among brokers could not be applicable to said bank.

Upon the issues made by the pleadings, the case came on to be tried by the Honorable P. H. Stoll, presiding Judge, and a jury.

Defendant moved for a nonsuit, for directed verdict and for new trial, all of which motions were denied. The motion of plaintiff for directed verdict in his favor was granted. From this order defendant appeals.

The appellant, among other grounds of appeal, raises the serious issue that the plaintiff's action is barred by the six-year Statute of Limitations. It must be kept in mind that the Southern Bank and Trust Company is being sued in the capacity of a broker in the person of the Receiver, and the gravamen of the plaintiff's action is that he suffered damage because of the bank's breach of contract in failing to transfer ten shares of stock on its books from his name to the name of Mrs. Louise Wannamaker, the purchaser. It is conceded that this action was not brought until six years and six months after this sale was made.

In our opinion the Statute of Limitations applies and the motion of the defendant for a nonsuit and directed verdict upon this ground should have been granted.

The Statute of Limitations commences to run from the time a cause of action accrues, Code Section 388. The same section provides that in actions for relief on the ground of fraud, the cause shall not be deemed to have accrued until

the fraud has been discovered. There is no allegation or proof bringing this case within the latter provision, and hence we are to inquire when the cause of action accrued, without reference to its being grounded upon fraud.

An action resting on breach of contract generally accrues at the time the contract is broken, although substantial damages from the breach are not sustained until afterward. The gist of the action is the breach, and not the consequential damages which may subsequently accrue. Such damages are not the result of a new or continuous breach, but relate back to the original breach which gave the right of action and without which they could not exist. Nominal damages at least can be recovered immediately upon the happening of the breach, and the Statute of Limitations then begins to run; its operation is not delayed until substantial or consequential damages accrue. *Thomas' Ex'rs, v. Ervin's Ex'rs,* Cheves, 22, 34 Am. Dec., 586; *Sams v. Rhett,* 2 McMul., 171; *Sinclair's Ex'rs, v. Bank of South Carolina,* 2 Strob. L., 344, Annotations, 126 Am. St. Rep., 944, 13 Ann. Cas., 692, 15 L. R. A. (N. S.), 156, 34 Am. Jur., Limitation of Actions, §§ 113, 115, 137, 230. And see Annotation 118 A. L. R., 215.

In cases of contract, the general principle is that the statute attaches as soon as the contract is broken, because the plaintiff may then commence his action, and the limitation is computed from the time of the breach. But the plaintiff contends that while this cause of action might have accrued, no right to commence an action came into existence until he had been damaged by reason of the bank's breach of its contract; and, under this view, that the statute did not commence to run until the accrual of the respondent's right of action, which must be referred to the time when he was compelled to pay the statutory stock liability. We are not in agreement with this contention.

A cause of action, as defined with reference to its elements, consists of a primary right of plaintiff, a corresponding duty of the defendant, and a wrong by the defendant in

breach of such right and duty. *Ophuls & Hill v. Carolina Ice & Fuel Co.,* 160 S. C., 441, 158 S. E., 824; *Hibbett v. Charleston Heights Co.,* 163 S. C., 327, 161 S. E., 499.

It follows that a cause of action for damages is not on the one hand the damage suffered by plaintiff, nor on the other hand the mere evidentiary facts showing the defendant's wrong; but it is the wrong itself done by defendant to plaintiff, that is, the breach of duty by the defendant to the plaintiff, whether it is the duty arising out of a contract or of tort. Every violation of a legal right imports damage and authorizes the maintenance of an action and the recovery of at least nominal damages, regardless of whether any actual damage has been sustained. 1 C. J. S., Actions, § 8(h), pages 986, 987; *Terrell v. McDaniel,* 1 Nott & McC., 343; *Jones v. Atlantic Coast Line R. Co.,* 108 S. C., 217, 94 S. E., 490, 491, 15 Am. Jur., Damages, Sections 5, 6, and 7.

In *Jones v. Atlantic Coast Line R. Co., supra,* the Court quoted with approval the following rule from 13 Cyc., page 13 : "Where the evidence shows a violation or infringement of a legal right, the law will presume damages sufficient to sustain an action, even though such damages may be only nominal, and not capable of exact measurement."

To the same effect see 25 C. J. S., Damages, § 6, Sedgwick on Damages, § 97 *et seq.*

The case of *Watson v. Southern R. Co.,* 104 S. C., 204, 88 S. E., 461, is relied upon by the plaintiff to support the proposition that where one breaches a contract and no damage flows from such breach no right of action comes into being, and such breach affords no cause of action.

We have examined that case with care, and do not think that it supports the position contended for. The facts show that the railroad company entered into a written contract with the plaintiff under which it licensed him to build a station on its right-of-way at his own expense and to act as its agent, but reserved the right to revoke the license and terminate the agency at any time, which it did. The only fail-

ure to perform its contract charged in the complaint was the failure to give to the plaintiff written notice of the revocation of the license and to allow him sixty days thereafter within which to remove the building. The gist of the action was for damages, but as there was no evidence tending to prove plaintiff suffered any damage whatever because of the failure to give him the required notice, the Court held that these facts afforded him no cause of action.

The question of whether liability for nominal damages is sufficient to sustain a cause of action was not presented or discussed.

We think there can be no doubt that the plaintiff's cause of action came into existence, and his right of action accrued on August 11, 1931, when the bank as broker breached its alleged contract with the plaintiff by its failure to transfer the stock on the books of the bank, and that the Statutes of Limitations commenced to run from that date. The fact that substantial damages were not discovered or did not occur until later is of no consequence. The act itself, which is the ground of action, cannot be legally separated from its consequences. Were this so, successive actions might be brought in many cases of contract and tort as the damages developed, although all the consequential injuries had one common root in the single original breach or wrong. This would, in effect, nullify the statute. Sams v. Rhett, supra; Thomas v. Ervin, supra.

Both the alleged contract and the breach admit of a definite assignment of date. The alleged obligation, in the absence of any evidence to the contrary, imported a promise on the part of the bank, as broker, to transfer the stock when the sale was made, and the statute began to run from that date under the circumstances here presented.

But even if it could be properly held that the statute would not commence to run until the expiration of a reasonable time for the transfer of the stock following the date of sale, we would be forced to hold (there being no evidence to the contrary) that a reasonable time for such transfer had ex-

pired when the bank closed its doors on September 25, 1931, which latter date would afford the plaintiff no comfort.

The case of *Suber v. Chandler,* 18 S. C., 526, and *Tuten v. Almeda Farms et al.,* 184 S. C., 195, 192 S. E., 153, cited by the plaintiff in support of his position that his right of action did not accrue until he had suffered actual damage, are not in point. The *Tuten case* dealt with the inchoate right of dower, and had nothing to do with contract. The Court necessarily held in that case that no right of action accrued to establish dower until the death of the husband.

An examination of the *Suber case* shows that the issues there involved have no application to the specific question before us in the case at bar.

More than six years elapsed after the' cause of action and the right of action had accrued to the plaintiff before the commencement of this action, and we are of the opinion that the plaintiff's action is legally barred. It follows that the lower Court erred in overruling the defendant's motion for nonsuit and directed verdict.

The judgment appealed from is therefore reversed, and the case remanded for entry of judgment in favor of the defendant.

MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.