17892

**D. Fred BROWN, Respondent, v. Elliott O. FINGER, Appellant**
(124 S. E. (2d) 781)

*Messrs. Norton & Norton,* of Marion, *McEachin, Townsend & Zeigler,* of Florence, and *Louis M. Shimel,* of Charleston, *for Appellant,*

104

*Messrs. Gasque, Seals & Gasque,* of Marion, and *George W. Keels,* of Florence, *for Respondent,*

April 2, 1962.

LEWIS, Justice.

The plaintiff instituted this action on December 13, 1954, with an amended complaint being served on April 30, 1956, against the defendant, a physician, to recover damages for loss of consortium of his wife and medical expenses incurred by him, as a result of the alleged conduct of the defendant in having willfully and maliciously administered and made available narcotics to plaintiff's wife for such period of time as to reduce her to a dope · addict, ruin her morals and to reduce her mentally and physically to a degenerate person, effectively destroying plaintiff's marriage. The defendant in his answer admitted that the wife of plaintiff became addicted to the use of narcotic drugs and alcohol, but denied any responsibility therefor, and alleged that any damages suffered by the plaintiff were due to plaintiff's own negligence, and ·the negligence of his wife in acquiring her addiction to narcotic drugs. The answer further alleged that, if any of the alleged delicts set forth in the complaint were true, the same originated and culminated more than six

years prior to the institution of this action and are barred by the statute of limitations.

The case was tried in November, 1956 before the late and esteemed Resident Judge of the Third Judicial Circuit, Honorable J. Frank Eatmon, and a jury, resulting in a verdict for the plaintiff for $55,170.00, actual damages. Timely motions by the defendant for judgment in his favor notwithstanding the verdict, and in the alternative for a new trial, were made and by consent marked "heard". Before the motions could be disposed of by Judge Eatmon, he became ill and subsequently died. The motions were then argued before Honorable James Hugh McFaddin, the successor of Judge Eatmon, who overruled all grounds of the motions except one, relating to the alleged error of the trial judge in permitting the jury to consider, as an element of damage, loss of earnings of the wife. Judge McFaddin held that loss of earnings of the wife was improperly submitted to the jury as an element of damage in this action by the husband for loss of consortium. He further held however, that such error could be cured by requiring the plaintiff to remit upon the record the maximum amount of such element of damage, which he found to be the sum of $14,400.00. An order was accordingly passed granting a new trial unless the plaintiff remitted upon the record the foregoing amount, which remission the plaintiff duly made. From this order the defendant has appealed.

The first and most serious question to be decided is that relating to the failure of the lower Court to grant a new trial generally after concluding that loss of earnings by the wife was improperly allowed as an element of damage in the case. The testimony shows that the wife was a nurse and received separate earnings from her employment as such. As heretofore stated, the trial judge permitted, over the objection of the ·defendant, testimony as to the loss of earnings by the wife and consideration by the jury of such as an element of damage for which the husband could recover in his action

for loss of consortium. This ruling of the trial judge was apparently based upon testimony that the earnings of the wife were deposited in a joint bank account with the plaintiff and that he had access to and the use of her money. On motion for a new trial, however, the lower Court correctly held that loss of earnings of the wife was improperly allowed as an element of damage recoverable in a suit by the husband for loss of consortium.

In the case of *Cook v. Atlantic Coast Line R. Co. et al.,* 196 S. C. 230, 13 S. E. (2d) 1, 7, 133 A. L. R. 1144, it was settled in this State that, despite the adoption of the so-called Married Women's Acts, the husband's common law right to the wife's services, aid, comfort, society and companionship, comprehended by the term consortium, remain, together with the attendant right to sue therefor in the event of their loss through personal injury to her by a third party. It was there held that in such an action "the husband is entitled to recover the value of those services of his wife which he has lost, including the loss of his wife's society and companionship in the home—all of which are comprehended by the term 'consortium.' He is also entitled to recover for any expenses which he has incurred for her care and treatment because of illness or bodily harm suffered by her, and for any medical expenses which he has incurred."

The rule that a husband may recover for the loss of consortium of his wife is based upon the principle that his right thereto, which existed at common law, has not been abridged by the so-called Married Women's Acts. However, the common-law rule that a husband is entitled to the separate earnings of his wife, has been specifically changed by statute in this State. See: *Bryant v. Smith,* 187 S. C. 453, 198 S. E. 20. Section 20-204 of the 1952 Code of Laws provides that "all the earnings and income of a married woman shall be her own separate estate and shall be governed by the same provisions of law as apply to her other separate estate." And she may sue and be sued in regard to her separate estate. Section 10-216, 1952 Code of Laws.

By virtue of the foregoing statutes the right is conferred upon the wife to bring an action for the recovery of loss of earnings resulting from personal injury to her. And "where a married woman's separate earnings belong to her by force of a statute specifically providing that a married woman shall be entitled to her own earnings, the husband cannot recover for loss of such earnings." 27 Am. Jur. 104, Section 504.

The lower Court, recognizing that loss of earnings of the wife from her separate employment was improperly considered as an element of damage in this case, found that the total amount of such earnings which could have been allowed by the jury, in any event, did not exceed the sum of $14,400-.00, and reduced the verdict by that amount, holding that any error committed in submitting such item as an element of damage was cured by so reducing the verdict. It is the contention of the defendant that it was impossible for the Circuit Judge to determine with exactness the maximum amount which the jury included in its verdict for loss of earnings of the wife, because the jury was permitted to award loss of future earnings. The plaintiff contends on the other hand that loss of future earnings was not submitted to the jury as an element of damage and, therefore, could not have been included in the jury's verdict. It is plaintiff's position, sustained by the lower Court, that the sum of $14,400.00 is the maximum amount which could have been awarded for such item.

Of course, where the verdict of the jury is deemed excessive, the trial court has the power in proper cases to grant a new trial unconditionally, or order a new trial *nisi,* requiring the plaintiff at his option to remit a certain portion of the verdict or submit to a new trial. *Anderson v. Aetna Casualty & Surety Co.,* 175 S. C. 254, 178 S. E. 819. Such is not the question here.

It is equally well settled that where the jury is permitted to consider an improper element of damage in arriving at its verdict, and the element of damage er-

roneously allowed can be computed and segregated, a new trial may be granted unless there is a remission of such amount. This is true because under such circumstances the record permits the amount of the element of damage erroneously allowed to be accurately calculated and segregated, and a remission of such portion of the verdict as could have been affected by the erroneous rulings of the trial judge would correct or cure the errors involved in the judgment. *Tucker v. Buffalo Cotton Mills,* 76 S. C. 539, 57 S. E. 626; *Currie v. Davis, etc.,* 130 S. C. 408, 126 S. E. 119; *Johnston v. Bagger,* 151 S. C. 537, 149 S. E. 241.

However, an error in the submission of an improper element of damage for consideration by the jury cannot be cured by a remission of an amount found by the trial judge to represent such erroneous item, where there is nothing in the record by which to apportion the damages that might be attributable to the error claimed as a ground for the new trial. If the extent to which the alleged error affected the amount of the verdict is incapable of calculation and segregation, a new trial must be granted unconditionally, 66 C. J. S., New Trial, § 209(e), p. 526; *Currie v. Davis, etc., supra,* 130 S. C. 408, 126 S. E. 119.

The testimony showed that the maximum monthly earnings of the wife as a nurse was $200.00. The foregoing figure of $14,400.00 (the amount by which the verdict was reduced) was apparently computed on the basis of $200.00 per month for a period of six years preceding the trial, and the testimony of the plaintiff that his loss as a result of his wife's earnings was $14,400.00. The consideration of loss of earnings by the jury, however, was not limited to those sustained prior to the time of the trial.

While the plaintiff contends that the issue as to future loss of earnings was not submitted to the jury by the trial judge, we think the record shows otherwise. It is conceded that the jury was permitted to include in their verdict the element of loss of earnings to the wife to the time of trial.

Immediately after instructing the jury as to the elements which they might consider in arriving at their verdict, included in which was the item of loss of such earnings, the trial judge instructed the jury, without restriction, that, in the event they found for the plaintiff, their verdict "should also include such future or prospective damages, if any, as the evidence renders it reasonably certain will result from the alleged injury." Testimony was offered by the plaintiff which tended to show that the wife was totally and permanently disabled and prevented from engaging in her employment as a nurse. Whether or not the jury included in their verdict an award for future loss of earnings of the wife, as they were permitted to do under the instructions of the Court, and, if so, the amount awarded for such future loss, we do not know and the record affords no criterion by which such can be determined.

The amount of future damages, which may have been awarded under the erroneous rulings and instructions of the Court, being incapable of calculation and segregation from the remainder of the verdict, a new trial must be granted on this ground.

As this case goes back for retrial, it is proper and necessary that we decide some other matters raised by the exceptions.

The defendant pled the statute of limitations as a bar to this action. He takes the position that this suit is barred by the statute of limitations because not brought within six years from the date of the accrual of the cause of action. Section 10-143(5), 1952 Code of Laws.

Under the provisions of the foregoing section of the Code, an action by the husband for loss of consortium of the wife and expenses incurred for her care and medical treatment, caused by the wrongful or negligent acts of a third party, is barred unless brought within six years from the date of the accrual of the cause of action. In determining the application of the statute of limitations, we must first determine when

the cause of action of the husband for loss of consortium of his wife accrued.

While it is well settled that a statute of limitations commences to run only from the time that the cause of action accrues, *Suber v. Chandler,* 18 S. C. 526, it is often difficult to determine when that time arrives. The fundamental test, however, in determining whether a cause of action has accrued, is whether the party asserting the claim can maintain an action to enforce it. A cause of action accrues at the moment when the plaintiff has a legal right to sue on it. *Bugg v. Summer,* 1 McMul. 333; *Livingston v. Sims,* 197 S. C. 458, 15 S. E. (2d) 770.

When does the husband's right to sue for loss of the services, society and companionship of the wife accrue? It appears that his right of action would not accrue until the loss of the services, society and companionship of the wife has actually occurred.

As stated in 27 Am. Jur. 102, Section 503: "The gist of a husband's cause of action for loss of his wife's consortium and for expenses, resulting from injuries to her through the wrongful acts or negligence of another, is such loss and expenses sustained by him, and not the injuries sustained by her; such loss and expenses sustained by him are not merely items of damages, but are, as stated, essential to the cause of action itself."

In the well reasoned case of *Milde v. Leigh,* 75 N. D. 418, 28 N. W. (2d) 530, 173 A. L. R. 738, 749, the North Dakota Supreme Court held, in deciding the identical question:

"A husband has no right of action for the loss of the services, society and companionship of his wife and incidental expense for her treatment and care, until the loss of services, society and companionship actually has occurred. Am. Law. Inst. Restatement, Torts, Vol. 4, p. 525; *Skoglund v. Minneapolis Street Ry. Co.* [45 Minn. 330, 47 N. W. 1071, 11 L. R. A. 222]; *Clem v. Holmes,* 33 Grat., Va., 722, 36 Am. Rep. 793; *Riddle v. McGinnis,* 22 W. Va. 253;

*Wilhoit v. Hancock,* 5 Bush, Ky., 567. Note:—3 A. L. R., p. 158. *Coon v. Moffitt,* 3 N. J. L. 583, 4 Am. Dec. 392. In the American Law Inst. Restatement, Torts, Vol. 4, p. 525, it is said: 'A cause of action for the loss of the services of another arises at the time when the right to the services accrues or when there is a deprivation of existing services.'

\* \* \*

"The actionable wrong against the plaintiff was the interference with his marital rights, depriving him of his wife's services, society and companionship, and requiring expenditures by him for her medical treatment and care. These do not constitute mere items of damages in an action for negligence; 'they are essential to the cause of action itself, which cannot arise until such consequences have followed the injury.' Such loss on the part of the husband 'is of the substance of his cause of action.' *Skoglund v. Minneapolis Street Ry. Co., supra.*"

While the authorities are not in entire agreement upon the question, we think the better view is that the cause of action by the husband for loss of consortium of the wife does not accrue until the loss of services and companionship actually occurs. See: Annotation in 173 A. L. R. 750.

This action was instituted on December 13, 1954. So, the cause of action, to escape the bar of the statute of limitations, must have accrued within the preceding six years, or on or before December 13, 1948. The gravaman of the complaint is the addiction of plaintiff's wife to the use of narcotic drugs, resulting from the wrongful administration of such drugs to her by the defendant. The addiction to the use of drugs did not result from one dose but resulted from the use thereof over a period of time. The cause of action accrued when the services and companionship of the wife were lost and, under the allegations in this action, such were not lost until the wife became addicted to the use of narcotic drugs.

The burden of establishing the bar of the statute of limitations rests upon the one interposing it, *Moore v. Smith,* 29 S. C. 254, 7 S. E. 485, and where the testimony is conflicting upon the question, it becomes an issue for the jury to decide, *Latimer v. Trowbridge,* 52 S. C. 193, 29 S. E. 634; *Worth v. Norton,* 60 S. C. 293, 38 S. E. 605.

The tortious conduct here alleged does not admit, under the record before us, of a definite assignment of date. The wife testified that she was employed by the defendant as a nurse from 1947 until some time in December, 1948 and that she first began using narcotic drugs under the advice and direction of the defendant in 1947, about seven years prior to the institution of this action. While his testimony is somewhat vague as to dates and conflicting at times, the testimony of the plaintiff supports the inference that his wife did not become addicted to the use of drugs until 1949 or 1950, which was within the six year statutory limitation period. Plaintiff's claim for damages was from 1950. Under all of the testimony, we think a jury issue was presented as to whether the plaintiff's claim was barred by the statute of limitations.

The next question which requires attention is that arising under the exceptions charging error in the refusal of the trial judge to direct a verdict in favor of the defendant on the ground that the plaintiff is barred of recovery by the contributory negligence of the wife. Related exceptions charge error in the refusal of the trial judge to make, at the request of the defendant, the following charge to the jury:

"Whenever the plaintiff derives his cause of action from an injury to his wife, the contributory negligence of such wife is imputable or chargeable to him so as to prevent him from recovering."

We find no merit in these exceptions. While contributory negligence on the part of the wife is ordinarily a good defense in an action of this kind, it

was not pleaded, and not having been pleaded is not involved in the case. *Sutton v. Southern Railway,* 82 S. C. 345, 64 S. E. 401; *Lawrence v. Southern Railway,* 169 S. C. 1, 167 S. E. 839.

As pointed out in *Lawrence v. Southern Railway:*

"As has been so often pointed out, the defense of contributory negligence, to be availed of, must be pleaded. To be a good plea it must, at least conditionally, admit negligence on the part of the pleader and avoid liability on the ground of the concurring negligence of the other party. It is essentially a plea in confession and avoidance."

The last question to be decided relates to the admissibility of evidence of the cost to plaintiff for maid hire. Over the objection of the defendant, the plaintiff was permitted to testify that it was necessary for him to pay out considerable sums for maid hire as a result of the addiction of his wife to narcotic drugs.

As heretofore pointed out, a husband is entitled in an action for loss of consortium of his wife to recover the value of those services of his wife which he has lost, including the loss of his wife's society and companionship in the home and, in addition, any expenses which he has incurred for her care and treatment because of illness or bodily harm suffered by her, including any medical expenses. He is entitled to those services in the home which she may choose to perform and customarily does perform. The services referred to are those which she performs in the home and, in addition to others, may include the performance of household labor.

While those services embraced within the term "consortium" may not be entirely the subject of market value, *Cook v. Atlantic Coast Line R. Co., supra,* 196 S. C. 230, 13 S. E. (2d) 1, 133 A. L. R. 1144, part of them may be. And "where as a result of the wife's injuries the husband is compelled to pay others to perform the household duties, or other work customarily performed by the wife, he is entitled

to reimbursement, at least where the sum paid is shown to be reasonable; * * *." 41 C. J. S., Husband and Wife, § 401(c) (2), p. 897. 27 Am. Jur., Husband and Wife, Sections 511 and 512. See: Annotations in 21 A. L. R. 1517 and 133 A. L. R. 1156.

The cause of action of a husband in this State for loss of consortium of his wife is based upon the common law right to her services, society and companionship and, in determining the elements of damage which may be considered, the principles of the common law apply. Her incapacity to perform the household duties customarily performed is an element of damage for which the husband may recover.

Testimony as to the amount paid out for maid hire for the performance of household duties customarily performed by the wife would be admissible.

Of course, where it is necessary to employ a maid as a part of the care of the wife, necessitated by her illness or injury, testimony as to the amount expended for such maid hire may be introduced to show the expenses for her care and treatment, and would be recoverable as such, if found to be reasonable.

Upon the retrial of this case, the admissibility of this testimony will be governed by the foregoing rulings.

We find it unnecessary to decide the remaining questions presented, as they will most probably not arise on a retrial of the case. Because of the necessity of a retrial of the case, we have purposely refrained from a discussion of the facts except to the extent necessary for a proper understanding of the questions decided.

The judgment of the Circuit Court is reversed and the case remanded to that Court for a new trial.

Reversed and remanded.

Taylor, C. J., Moss and Bussey, JJ., and Legge, Acting A. J., concur.