1338

Julia Watson GROOMS and Henry L. Grooms, Appellants v. The MEDICAL SOCIETY OF SOUTH CAROLINA, d/b/a Roper Hospital, Respondent.

(380 S. E. (2d) 855)

Court of Appeals

*Thomas D. Rogers,* of *Ness, Motley, Loadholt, Richardson & Poole,* Charleston, *for appellants.*

*Robert H. Hood* and *Lucinda J. Haley,* both of *Robert H. Hood & Associates,* Charleston, *for respondent.*

Heard March 21, 1989.

Decided May 15, 1989.

*Per Curiam:*

This action by Julia Watson Grooms and Henry L. Grooms against The Medical Society of South Carolina, doing business as Roper Hospital (Roper Hospital), arises out of an alleged accident involving the Grooms' daughter, Tammy. The Grooms challenge on appeal the trial court's order striking from their complaint all references to the "mental distress and emotional anguish" they allegedly suffered because of the pain and injuries allegedly suffered by their daughter on account of the accident. We affirm.

According to the complaint, Tammy, who has spina bifida, suffered trauma to her sacrum and right hip when a Roper Hospital employee on September 9, 1985, dropped her from a stretcher against the edge of a table. According to the Statement in the Transcript of Record, Mrs. Grooms was present at the time this occurred. For the purposes of our discussion, we assume Mr. Grooms was also present when Tammy was injured, although neither the complaint nor the Statement states he was so.

The Grooms filed this action alleging Roper Hospital "was wilful, wanton, reckless, grossly negligent, and careless" in injuring Tammy. Paragraph ten of their complaint alleges that, because of Tammy's pain and permanent injuries, they have suffered and will in the future suffer "mental distress and emotional anguish."

Roper Hospital moved pursuant to Rule 12(f) of the South Carolina Rules of Civil Procedure to strike from paragraph ten the reference to the Grooms' claim for damages based on "mental distress and emotional anguish" caused by their daughter's injuries. The trial court granted the motion,

holding the Grooms did not have a claim for damages based on "mental distress and emotional anguish" caused by their daughter's injuries under *Kinard v. Augusta Sash & Door Company*, 286 S. C. 579, 336 S. E. (2d) 465 (1985), a case decided by the Supreme Court on October 24, 1985, and in which the Court recognized for the first time the cause of action by a plaintiff bystander for negligent infliction of emotional distress, since the Grooms' claim for such damages arose prior to *Kinard*'s effective date and *Kinard* applies prospectively only.

On appeal the Grooms argue these three points in an effort to have us reverse the trial court: (1) because they filed their complaint after *Kinard*, application of *Kinard* to this case would not be retroactive; (2) an element necessary to complete the new tort, namely serious physical injury, did not become "extant" until well after the incident, so that their claim did not accrue until some time after *Kinard*; and (3) even if they cannot assert a claim for negligent infliction of emotional distress, the complaint alleges wilful, wanton, and reckless behavior, and thus they may recover for "mental distress and emotional anguish" for intentional infliction of emotional distress under *Ford v. Hutson*, 276 S. C. 157, 276 S. E. (2d) 776 (1981).

## I.

Regarding the Grooms' contention that *Kinard* applies to their claim because they filed their complaint after the Supreme Court decided *Kinard*, we recently held in *McCaskey v. Shaw*, 295 S. C. 372, 368 S. E. (2d) 672 (Ct. App. 1988), that the Supreme Court's decision in *Kinard* has only prospective application because the decision created a new cause of action. *Accord Toth v. Square D Company*, 298 S. C. 6, 377 S. E. (2d) 584 (1989). In *Bartlett v. Nationwide Mutual Fire Insurance Co.*, 290 S. C. 154, 157, 348 S. E. (2d) 530, 532 (Ct. App. 1986), *appeal dismissed*, 297 S. C. 73, 374 S. E. (2d) 897 (1989), we indicated that a court decision creating a new tort will not be applied to claims that arise before the effective date of the decision.

Because the *Kinard* decision creates a new tort, the decision applies, then, only to claims arising after its effective date, regardless of when a party files the

complaint. *See Hupman v. Erskine College*, 281 S. C. 43, 314 S. E. (2d) 314 (1984) (wherein the Supreme Court's holding in *Fitzer v. Greater Greenville, S. C. Young Men's Christian Association*, 277 S. C. 1, 282 S. E. (2d) 230 (1981), the decision that abrogated charitable immunity, held not to apply where the injury occurred in 1980, the doctrine was abolished in 1981, and the plaintiff filed suit in 1982); *cf. Walton v. Stewart*, 277 S. C. 436, 289 S. E. (2d) 403 (1982) (wherein the Supreme Court's holding in *Elam v. Elam*, 275 S. C. 132, 268 S. E. (2d) 109 (1980), the decision that abrogated interfamily immunity, held not to apply where the facts giving rise to the litigation occurred before the Supreme Court abolished the doctrine); *Moore v. Berkeley County*, 290 S. C. 43, 348 S. E. (2d) 174 (1986) (wherein the Supreme Court clarified its holding in *McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985), and held its decision abrogating sovereign immunity extends to causes of action arising on or after July 1, 1986).

Since Tammy was injured about six weeks before *Kinard* was decided, Roper Hospital, therefore, cannot be held liable to her parents for damages they allegedly sustained as bystanders.

## II.

We turn now to the question of when the Grooms' claim for damages for "mental distress and emotional anguish" accrued.

A cause of action or claim for damages accrues the moment the defendant breaches a duty owed to the plaintiff. *Livingston v. Sims*, 197 S. C. 458, 15 S. E. (2d) 770 (1941). The law presumes the existence of at least nominal damages for the violation or infringement of a legal right. *Id.* The fact that substantial damages either were not discovered or did not occur until sometime later is of no consequence. *Id.* The act that is the basis for the action cannot be legally separated from its consequences and successive actions may not be brought as the damages develop. *Id.; see also Land v. Neill Pontiac, Incorporated*, 6 N. C. App. 197, 169 S. E. (2d) 537 (1969) (the cause of action for negligent injury accrues at the time of the invasion of the right and nominal damages, at least, naturally flow from such

invasion); *Seymour v. Richardson,* 194 Va. 709, 75 S. E. (2d) 77 (1953) (a cause of action accrues to any person when that person first comes to a right to bring an action).

Nothing in the complaint, when liberally construed, reasonably suggests that the Grooms did not suffer some damages on the date they perceived that their daughter was injured. Indeed, the exception on which the Grooms base their argument in this regard, Exception No. 1, appears to concede that they suffered emotional distress at this time. The exception reads in pertinent part: "The court below erred in holding that appellants' assertion of a claim for negligent infliction of emotional distress constituted a retroactive application of [*Kinard*] because ... appellants' emotional distress occurred predominantly after the date of that decision."

We therefore hold that the Grooms' claim for damages for "mental distress and emotional anguish" accrued on the date the Grooms allegedly perceived that the Roper Hospital employee dropped their daughter; and since that date predates the *Kinard* decision, the Grooms may not recover such damages in this case. The trial court, therefore, acted properly in striking the allegations in issue.

### III.

Finally, the Grooms argue that they alleged outrage for which they may recover for "mental distress and emotional anguish" under *Ford v. Hutson, supra,* and therefore, the trial court should not have struck references to those elements of damages. We need not consider this argument for several reasons.

First, the appellate record does not reveal the argument was made before the trial court. *See Callicutt v. Brown,* 244 S. C. 164, 135 S. E. (2d) 852 (1964) (an issue not raised or passed upon by the trial court will not be considered on appeal). Second, the trial court did not address the argument in its order and the Grooms made no motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure to alter or amend the order to reflect a ruling thereon. *See Talley v. South Carolina Higher Education Tuition Grants Committee,* 289 S. C. 483, 347 S. E. (2d) 99 (1986). Third, none

of the Grooms' exceptions raise the argument. *See Southern Region Industrial Realty, Inc. v. Timmerman,* 285 S. C. 142, 328 S. E. (2d) 128 (Ct. App. 1985) (a contention not raised by a proper exception may not be considered by the Court of Appeals).

Affirmed.