488 S.E.2d 307

William Paul STEPHENS, Appellant,

v.

David S. DRAFFIN, M.D., Respondent.

Myrna STEPHENS, Appellant,

v.

David S. DRAFFIN, M.D., Respondent.

No. 24632.

Supreme Court of South Carolina.

Heard May 22, 1996.

Decided June 9, 1997.

2

E. Vernon F. Glenn, Mt. Pleasant; Philip A. Berlinsky, North Charleston; and Kermit S. King, Columbia, for appellants.

M. Dawes Cooke, Jr. and Eleanor D. Washburn, Charleston, for respondent.

FINNEY, Chief Justice:

This is an appeal from jury verdicts for the respondent doctor in a trial which consolidated appellant William Ste-

phens' (Stephens') medical malpractice claim and his wife appellant Myrna Stephens' (Wife's) action for loss of consortium. Stephens and Wife allege the trial judge committed error in charging the jury both contributory and comparative negligence, contending he should have charged comparative negligence only. We agree it was error to charge both doctrines but hold only contributory negligence should have been charged. Since the error in the charge was to appellants' benefit, and since we can determine from the special verdict in Stephens' case that there was no prejudice, we affirm.

Respondent was Stephens' doctor from December 1985 until May 1992. The gravamen of Stephens' negligence theory was that respondent deviated from medical standards by prescribing for Stephens an inappropriate narcotic drug (Percocette) to which Stephens became addicted, and then by aiding and abetting that addiction by continuing to prescribe the drug in quantities which greatly exceeded the amount required by a person who was not abusing the medication.

The evidence showed that by 1986 respondent had begun to warn Stephens that his use of Percocette was excessive, and to warn him of its addictive potential. In 1987 and again in 1988 Stephens admitted himself to rehabilitation facilities in an attempt to reduce his dependence on the narcotics.[1] These hospitalizations afforded him only temporary and incomplete relief, and Stephens continued to seek prescriptions from respondent, who continued to dispense them along with warnings about addiction. The evidence also showed that for years before Stephens became respondent's patient, he suffered from great anxiety about his health, and repeatedly sought hospital care for what he perceived to be heart attacks, but which usually proved to be angina or indigestion. During the years that Stephens was under respondent's care, however, the number of times he unnecessarily sought emergency room care was dramatically reduced, as was his anxiety level.

---

[1]. Respondent does not raise a statute of limitations claim in this appeal. *Compare Anderson v. Short*, 323 S.C. 522, 476 S.E.2d 475 (1996); *Preer v. Mims*, 323 S.C. 516, 476 S.E.2d 472 (1996) (statute of limitations began to run in medical malpractice action involving addiction when plaintiff discovered addiction).

4

Respondent admits there was evidence of negligence on his part, and Stephens admits the issue of his own negligence [2] was properly before the jury. Effective July 1, 1991, this Court abrogated the doctrine of contributory negligence "for all causes of action arising on or after" that date in favor of comparative negligence. *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E.2d 783 (1991)(emphasis added). Contributory negligence constitutes a complete bar to the plaintiff's recovery while comparative negligence permits a plaintiff whose negligence is less than or equal to the defendant(s) a proportionate verdict. *Nelson, supra; see also Langley v. Boyter*, 284 S.C. 162, 325 S.E.2d 550 (Ct.App.1984) *quashed* 286 S.C. 85, 332 S.E.2d 100 (1985).

Here, the negligence of both respondent and Stephens began before July 1, 1991. Respondent urged the trial court to charge only contributory negligence while Stephens and Wife argued only comparative negligence should be charged. The trial judge instructed the jury on both defenses and explained the date when contributory negligence was abolished and comparative negligence established. The jury returned a verdict for respondent in Wife's consortium case, and returned a comparative negligence verdict in Stephens' case, finding Stephens and respondent each 50% negligent, but awarding Stephens no damages.[3]

The dispositive question is when did Stephens' cause of action arise?[4] *Nelson v. Concrete Supply Co., supra.* "A

2. *See Scott v. Greenville Pharmacy, Inc.,* 212 S.C. 485, 48 S.E.2d 324 (1948) (person who knowingly takes narcotic drugs is contributorily negligent if he becomes addicted.)

3. Since there was no challenge to this verdict below, we will not review it on appeal. *Smith v. Phillips,* 318 S.C. 453, 458 S.E.2d 427 (1995) *reversing in part Johnson v. Phillips,* 315 S.C. 407, 433 S.E.2d 895 (Ct.App.1993).

4. It is important to note that our cases use the verbs "arise" and "accrue" interchangeably when discussing the issue of the juncture at which the right to sue came into existence. *See, e.g., Grooms v. Medical Society of South Carolina,* 298 S.C. 399, 380 S.E.2d 855 (Ct.App.1989). A slightly different meaning of accrue is found in cases involving the issue when the statute of limitations began to run for a particular plaintiff, where for example the discovery rule is applicable or the plaintiff was under a disability at the time the action arose. *e.g., Strong*

cause of action accrues at the moment when the plaintiff has a legal right to sue on it." *Brown v. Finger*, 240 S.C. 102, 124 S.E.2d 781 (1962). The law presumes at least nominal damages at that point. *Livingston v. Sims*, 197 S.C. 458, 15 S.E.2d 770 (1941) *modified Santee Portland Cement v. Daniel Internat'l Corp.*, 299 S.C. 269, 384 S.E.2d 693 (1989) (discovery rule applies to contract statute of limitations). The fact that substantial damages did not occur until later is immaterial to determining when the action accrued or arose. *Livingston v. Sims, supra.*

In South Carolina, the law in effect at the time the cause of action accrued controls the parties' legal relationships and rights. For example, where the facts giving rise to the cause of action occurred before the abrogation of the doctrine of intra-family immunity, but the suit was brought after, the defendant was entitled to interpose that affirmative defense. *Walton v. Stewart*, 277 S.C. 436, 289 S.E.2d 403 (1982). Similarly, we refused to allow a wife the right to maintain a statutory loss of consortium action for damages suffered after the effective date of the statute creating that cause of action where her husband was injured and her loss began before that date. *Berry v. Myrick*, 260 S.C. 68, 194 S.E.2d 240 (1973). While it was within our judicial discretion to retroactively abolish the common law rule of contributory negligence, we explicitly chose not to do so. *Nelson v. Concrete Supply, Co., supra; Russo v. Sutton* 310 S.C. 200, 422 S.E.2d 750 (1992) (court has discretion to retroactively divest persons of common law rights).

These decisions control this appeal. Unquestionably, Stephens' right to sue arose long before July 1, 1991. Just as clearly, respondent's right to assert Stephens' own negligence as a defense also arose before that date. Accordingly, the only applicable rule of law which should have been charged was contributory negligence, which constitutes an absolute bar to Stephens' and Wife's right to recover. *Nelson v. Concrete Supply Co., supra; Langley v. Boyter, supra.* Although the judge erred in charging comparative negligence, this error

---

*v. University of South Carolina School of Medicine,* 316 S.C. 189, 447 S.E.2d 850 (1994). Here, we are concerned only with the first meaning.

6

inured to the appellants' benefit. Further, the jury's unchallenged comparative negligence verdict finding Stephens suffered no damages and their verdict for respondent in Wife's action affirmatively demonstrate appellants suffered no prejudice. Error without prejudice does not warrant reversal. *First Savings Bank v. McLean,* 314 S.C. 361, 444 S.E.2d 513 (1994). Accordingly, this appeal is

AFFIRMED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.