## 11159

### COLEMAN v. RUSH *ET AL.*

#### (116 S. E., 449)

1. JUDGMENT—ELEMENTS OF RES JUDICATA STATED.—The essential elements of *res judicata* are indentity of parties and subject-matter, and an adjudication in former suit of the precise question sought to be raised in the second suit, and that the matter in dispute must have been necessarily involved and adjudicated in the former proceeding.

2. JUDGMENT—PRECISE POINT RAISED SETTLED BY FORMER SUIT FOR PARTITION.—Where complaint in a former partition suit alleged that the land was the wife's at the time of her death and the answer alleged it to be the property of the husband, and on that contention it was tried and decided in favor of defendant, and the present complaint alleges that plaintiff and six defendants are heirs of the wife, and that she owned the property and requested partition, all of the parties to the former suit who are parties to the present suit having received the distributive share due them, the precise point raised was settled and adjudicated in the former suit.

Before RICE, J., Richland, April, 1921.　Affirmed.

Action by Nancy Coleman against Rosanna Rush *et al.* From a directed verdict in favor of defendants Benet, Tompkins, Hammond and Burley, the plaintiff appeals.

*Mr. John T. Duncan,* for appellant, cites: *Directed verdict improper:* 6 Enc. Pl. & Pr., 668, 575, 699; 85 S. C., 479; 91 S. C., 439; 83 S. C., 36; 99 S. C., 187.

*Mr. W. C. McGowan,* for respondents, Benet *et al.* cites: *Res adjudicata:* 118 S. C., 470.

March 15, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action is for partition, and after issue joined was tried before his Honor Judge Rice and a jury for Richland County, October term, 1921. His Honor, at the conclusion of the evidence, on motion directed a verdict in favor

of the defendants, Benet, Tompkins, Hammond, and Burley, finding the property in question in them and against the plaintiff and other defendants in the case. Holding that the matter in controversy was res adjudicata, after entry of judgment, plaintiff appeals, and by 24 exceptions imputes error on the part of his Honor.

There was trouble in getting the case ready for appeal, and the Chief Justice passed an order fixing the time in which it must be ready, but the effect of his order was only intended that the appeal was to be heard by this Court, as settled by the order of his Honor, Judge Rice.

Appellant, in his case, has inserted other matter not included in the case as settled by Judge Rice. This matter. will not be considered, but the case will be disposed of as settled by Judge Rice for purpose of appeal.

We will not consider the exceptions seriatim, but will state what the controversy was about.

"Laura Coleman, wife of E. C. Coleman, died intestate, leaving her husband, E. C. Coleman, and seven children, to wit: Nancy Coleman, Rosanna Rush, William Coleman, Arenda Chambers, H. O. Coleman, Sallie Dennis, and A. T. Coleman, Thereafter E. C. Coleman married Ella Jacobs. Thereafter E. C. Coleman died intestate, leaving as his heirs his widow, Ella Coleman, and his seven children by his first wife, to wit: Nancy Coleman, Rosanna Rush, William Coleman, Arenda Chambers, H. O. Coleman, Sallie Dennis, and A. T. Coleman. Thereafter Nancy Coleman, Rosanna Rush, William Coleman, Arenda Chambers, H. O. Coleman, Sallie Dennis, and A. T. Coleman brought a complaint against Ella Coleman claiming that Laura Coleman, first wife of E. C. Coleman, was at the time of her death seized and possessed of the tract of land here in dispute and asking that it be partitioned between them, the children of Laura Coleman. Ella Coleman, second wife of E. C. Coleman, denied this claim and contended that the land was the property of her husband, E. C. Coleman, at the time of his death.

This case was tried and is to be found on record in judgment roll No. 11054, Court of Common Pleas, Richland County, and the contention of Ellā Coleman, that is, that the land was the property of E. C. Coleman at the time of his death, was sustained. This judgment roll No. 11054 was introduced in evidence in the case now under consideration.

"In the present or second case, Nancy Coleman brought her complaint against Rosanna Rush, William Coleman, Arenda Chambers, H. O. Coleman, Sallie Dennis, A. T. Coleman, and Benet, Tompkins, Hammond, and Burley, alleging that the plaintiff and the first six named defendants, heirs of Laura Coleman, were seized and possessed as tenants in common of the land here in dispute, and that the remaining defendants claimed some interest therein. The six heirs of Laura Coleman, other than the plaintiff, Nancy Coleman, answered by John T. Duncan, their attorney, and joined in the prayer of the complaint. The defendants Benet, Hammond, and Tompkins answered, alleging ownership to a portion of the land under a deed from A. D. Mc-Fadden, Master, at the sale arising from the partition suit set out in judgment roll No. 11054. The defendant Burley answered, alleging ownership of a part of the land under a deed from J. B. McLaughlin. The plaintiff-appellant, Nancy Coleman, and defendants Rosanna Rush, William Coleman, Arenda Chambers, H. O. Coleman, Sallie Dennis, and A. T. Coleman, who were the plaintiffs in the former suit, each received a distributive share in the proceeds of the sale of the property in question in the former suit.

His Honor, Judge Rice, directed a verdict for the defendants Benet, Tompkins, Hammond, and Burley, on the ground that the contentions made in this case had been passed upon by the Circuit Court in the former case and were *res adjudicata.*"

It has been declared that the essential elements of *res adjudicata* are: (1) Identity of parties. (2) Identity of subject-matter. (3) An adjudication in the former suit of the precise question sought to be raised in the second suit, and that the matter in dispute must have been necessarily involved and adjudicated in the former proceeding. *Johnson-Crews Co. v. Folk,* 118 S. C., 470; 111 S. E., 15.

As to these suits. The parties to the first suit are set out by name. Parties to second suit are set out and plaintiff testified "that the parties to former suit are the same parties to this suit with the exception of Benet, Tompkins, Hammond, Burley, and Ella Coleman."

Ella Coleman, second wife of E. C. Coleman, whose hostile claim was sustained in the former suit, was not made a party to this proceeding. She is the only party in the first suit omitted in the second suit; Benet, Tompkins, Hammond, and Burley are added. Both cases are partition suits. The property in question is the same in both suits. The description in the decree of Judge Gary in the first suit corresponds with the description in the complaint of second suit, and by the testimony of the plaintiff and her witness the evidence leaves no room for doubt that the land in controversy was the subject-matter of both suits.

The adjudication in the former suit was the precise point attempted to be raised in the present suit and that is: Did this land belong to the estate of E. C. Coleman or the estate of Laura Coleman? The judgment roll in the former suit was introduced in evidence. The complaint in the former case alleged that the land in question was the property of Laura Coleman at the time of her death, the answer of Ella Coleman, the second wife of E. C. Coleman, denied that the land was owned by Laura Coleman, the first wife of E. C. Coleman, and alleged that the said land was the property of the estate of E. C. Coleman. On this contention the case was tried and decided in favor of the contention of Ella

Coleman. The land was sold by the master, and the proceeds of sale distributed to the heirs of E. C. Coleman.

In this case the complaint alleges that the plaintiff and six of the defendants, naming them, are heirs of Laura Coleman, that she owned the property and requested a partition of the land. The precise point raised in this suit has been settled and adjudicated in the former suit. The judgment roll in the former case sustains the finding of the Circuit Judge in this case. All of the parties to that suit who are parties to this suit received from the master for the amount reported due them. We see no error as complained of.

Exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER and MARION concur.

MR. CHIEF JUSTICE GARY disqualified.