## 11453

### McCONNELL v. DAVIS, DIRECTOR GENERAL

(122 S. E., 399)

1. JUDGMENT—REQUISITES OF DOCTRINE OF RES JUDICATA STATED.—The requisites of the doctrine of *res judicata* are identity of parties, subject matter, and legal issue.

2. JUDGMENT—ACTION IN FEDERAL COURT HELD TO ADJUDICATE POINT RAISED IN STATE COURT.—An action in a Federal Court terminating in a directed verdict *held* to adjudicate the precise point sought to be raised in a second action in a State Court.

3. COURTS—RULING OF CIRCUIT COURT JUDGE AT PRIOR TRIAL ON PLEA OF RES JUDICATA HELD NOT BINDING ON JUDGE AT SECOND TRIAL.— A ruling of a Circuit Court Judge at a prior trial *held* not *res judicata* of a plea of *res judicata* raised at the present trial.

Before PEURIFOY, J., York., December, 1922.   Affirmed.

Action by L. D. McConnell by his guardian *ad litem* S. J. McConnell against J. C. Davis, Director General of Railroads.   From the judgment entered on directed verdict for defendant, plaintiff appeals.

The ruling of Judge H. F. Rice, made at a former trial of this action, was offered in evidence as *res judicata* of the plea of *res judicata* made by the defendant.   His Honor, Judge J. E. Peurifoy, ruled that the ruling of Judge H. F. Rice was not binding upon him, and therefore the ruling of Judge Rice was incompetent, and further that it did not sustain the plea of *res judicata* of the motion made by the defendant herein for a directed verdict upon the ground of *res judicata,* as thus presented, was concluded under the ruling of Judge Rice.

The second and fifth exceptions follow:

"(2) That the ruling or order of his Honor, Judge H. F. Rice, was *res judicata* of the plea of *res judicata* as made by the defendant, and the Court erred in not so holding."

"(5) That the order or ruling of Judge Rice was the law of this case, and binding upon his Honor, Judge J. E. Peurifoy, and the Court erred in not so holding."

*Messrs. J. Harry Foster* and *Dunlap & Dunlap,* for appellant, cite: *Express messenger was a passenger in his relation to the railroad:* 96 S. C., 375. *Res adjudicata:* 118 S. C., 470; 26 S. C., 173; 43 S. C., 221; 17 S. C., 35; 94 S. C., 294; 93 S. C., 148; 89 S. C., 408; 84 S. C., 221; 90 S. C., 231; 92 S. C., 1. *Power of Director General:* 256 U. S., 554.

*Messrs. Glenn & Glenn, Thomas F. McDow* and *J. L. Glenn, Jr.,* for respondent, cite: *Decision of Court of competent jurisdiction is binding upon other Courts of concurrent power:* 1 Hill Ch., 22; 77 S. C., 90; 81 S. C., 516; 84 S. C., 224; 89 S. C., 494; 180 S. C., 1; 113 S. C., 541; 118 S. C., 470. *Suits against Director General are against him and his legal successors as officers of the government:* 99 S. E., 846; 101 S. E., 924; 101 S. E., 925; 103 S. E., 545; 117 S. C., 1; 103 S. E., 348; 264 Fed., 211; 259 Fed., 269; 273 Fed., 774. *Identity of subject matter:* 15 R. C. L., 439; 41 S. C., 408; 118 S. C., 470. *Identity of legal issue:* 116 S. E., 450. *Effect of mistrial:* 20 A. & E. Enc., 833; 21 Enc. P. Pr., 853; 27 Cyc., 809; 2 Hill L., 683; 1 Bailey, 651; 1 McC., 253; 29 S. C., 317; 37 S. C., 237. *Premature appeals:* 89 S. C., 574; 88 S. C., 180; 69 S. C., 231; 55 S. C., 555; 25 S. C., 41; 101 N. W., 1126; 24 S. C., 88.

April 3, 1924.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from a directed verdict by his Honor, Judge Peurifoy, for the respondent at a Court of Common Pleas for York County, December Term, 1922.

His Honor directed a verdict for the defendant on the ground of *res judicata,* and the exceptions, five in number, raise the issues as to the application of this doctrine. The doctrine of the question of *res judicata* has been followed since the case of *Hart v. Bates;*

these being: (1) Identity of parties, (2) identity of subject matter, and (3) identity of legal issue determined. 17 S. C., page 40. As these set forth, the doctrine of *res judicata* is very old, and founded on principles of wise policy and justice. The rule as stated in *Hart v. Bates* is as follows:

"First, that the judgment of a Court of competent jurisdiction, directly on the point, is as a plea in bar or as evidence conclusive between the same parties upon the same matter directly in question in another court; secondly, that the judgment of a court of exclusive jurisdiction directly upon the point is in like manner conclusive upon the same matter between the same parties coming incidentally in question in another court for a different purpose."

It does not make any difference that the decision was made by a Court other than the Court in which the defense of *res judicata* is being pleaded, for it is said in *Maxwell v. Conner,* 1 Hill, Eq., 22, that a decision by a Court of competent jurisdiction is binding upon other Courts of concurrent power. This doctrine has been recognized and followed by this Court in many cases. *Sarratt v. Manufacturing Co.,* 77 S. C., 90; 57 S. E., 616. *Greenwood Drug Co. v. Bromonia Co.,* 81 S. C., 516; 62 S. E., 840; 128 Am. St. Rep., 929. *Morrow v. Railway Co.,* 84 S. C., 224; 66 S. E., 186; 19 Ann. Cas., 1009. *Jenkins v. Railway Co.,* 89 S. C., 408; 71 S. E., 1010. *Barfield v. Barnes,* 108 S. C., 1; 93 S. E., 425. *Beattie v. City Council,* 113 S. C., 541; 102 S. E., 751; and the more recent cases of *Johnson Crews Co. v. Folk et al.,* 118 S. C., 470; 111 S. E., 15, and *Coleman v. Rush* (S. C.), 116 S. E., 449.

We think Judge Peurifoy was correct in directing a verdict as he did under the law as announced and established by this Court and the evidence as developed at the trial before him. There is no question in our minds that the action in the Federal Court terminating in a directed verdict

adjudicated the precise point sought to be raised in this second suit.

The second and fifth exceptions are overruled for the reasons assigned by his Honor, Judge Peurifoy, in excluding the record of Judge Rice's rulings on question of *res judicata* at the previous trial.

All exceptions are overruled, and judgment affirmed.

Mr. Justice Fraser concurs.

Mr. Justice Marion concurs in result.

Mr. Chief Justice Gary did not participate.

Mr. Justice Cothran disqualified.