22645

Christine JARROTT, Appellant v. SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION and Marion County School District No. 4, Respondents. Francina BRYANT, Appellant v. SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION and Marion County School District No. 4, Respondents. Lessie YATES, Appellant v. SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION and Marion County School District No. 4, Respondents.

(351 S. E. (2d) 859)

Supreme Court

*E. N. Zeigler,* Florence, *for appellants.*

*William H. Griffin,* of Columbia, *for respondent South Carolina Employment Sec. Comn.*

*William H. Seals,* of Marion, *for respondent Marion County School Dist. No. 4.*

Heard Nov. 19, 1986.

Decided Dec. 29, 1986.

CHANDLER, Justice:

These consolidated cases constitute an action by the South Carolina Employment Security Commission (Commission) to recover monies paid as unemployment compensation. The Circuit Court ruled in favor of the Commission.

We affirm.

## FACTS

Appellants are three elementary school teachers in Marion County School District No. 4 (School District). The teachers hold grade "C" teaching certificates issued by the South Carolina Department of Education. In 1981 the School District adopted a new policy under which it would not re-employ any teacher possessing a "C" certificate. The teachers were required to satisfy existing certification standards for new teachers or face termination at the end of the 1981-82 school year. They were unable to meet the higher standard and were dismissed.

The teachers brought an action against the School District in federal court. In an unpublished order filed September 28, 1983, Judge Clyde H. Hamilton found the teachers' dismissal violated equal protection, and ordered them reinstated with back pay. In a supplemental consent order, it was agreed the School District would not reduce the back pay awards by the amounts of unemployment compensation paid to the teachers by the Commission during the period between termination and reinstatement.

Thereafter, the Commission independently sought to recover the monies paid to the teachers as unemployment compensation.[1] An appeal referee and a Commission panel rendered decisions adverse to the teachers. The Circuit Court affirmed.

## ISSUES

The teachers argue the Commission is unable to seek reimbursement on three grounds: (1) lack of statutory authority; (2) estoppel; and (3) *res judicata.*

---

[1] The Appellants received the following amounts of unemployment benefits from the Commission: Christine Jarrott, $4992; Francina Bryant, $5908; Lessie Yates, $5579.

## I. STATUTORY AUTHORITY

The parties agree the *School District itself* is prohibited from deducting or otherwise seeking to recover the unemployment compensation funds. The Commission contends this does not affect *its* right to seek reimbursement pursuant to South Carolina law. We agree the Commission is not bound by the federal court order, and may pursue its statutory claim for reimbursement.

S. C. Code Ann. § 41-41-40 (1986) provides in part:

> Any person who has received any sums as benefits ... while any conditions for the receipt of the benefits imposed by such chapters were not fulfilled in his case or while he was disqualified from receiving benefits *shall be liable to repay the Commission* for the unemployment compensation fund a sum equal to the amount so received by him. [Emphasis supplied].

Under S. C. Code Ann. § 41-35-10 (1986), unemployment benefits become payable to any individual who is unemployed and eligible for benefits. To be "unemployed" requires that the individual perform no services and that no *wages* are *payable* for the period. S. C. Code Ann. § 41-27-370 (1986). That is, if wages are *payable*, the individual is not considered "unemployed." The term "wages" is defined in S. C. Code Ann. § 41-27-380 (1986) as:

> (1) 'Wages' means all remuneration paid for personal services, including commissions, bonuses, any sums paid to an employee by an employer pursuant to an order of the National Labor Relations Board or by private agreement, consent or arbitration for loss of pay by reason of discharge ...

The Commission contends the federal court order necessarily found that wages were *payable* for the period of dismissal because the termination was held to be wrongful, so that the teachers are deemed not to have been "unemployed" under § 41-27-370.

The teachers counter that the back pay award, granted after litigation, does not fall within the statutory definition of wages. Accordingly, they argue the reimbursement requirement of § 41-41-40 is inapplicable. We disagree.

The intent of the repayment provision is clearly to ██ avoid a double recovery. Even though litigation awards are not specifically included in the definition of wages contained in § 41-27-380, we read the four enumerated examples to be illustrative and not exclusive. Here, the back pay award constitutes wages under § 41-27-380 as it is "remuneration paid for personal services . . . for loss of pay by reason of discharge."

## II. ESTOPPEL AND RES JUDICATA

Alternatively, the teachers contend the Commission ▋ is barred from recouping the benefits under principles of equitable estoppel and *res judicata*.

Critical to the teachers' argument is the distinction between "contributing" and "reimbursing" employers.

A "contributing" employer is one required by S. C. Code Ann. § 41-31-10 *et seq.* (1986) to make regular tax payments, denominated as "contributions," to the Commission's trust fund. Qualified employees receive benefits from the trust fund during periods of unemployment. "Contributing" employers are required to make payments to the Commission whether or not benefits are paid to employees.

A "reimbursing" employer, on the other hand, is not required to make regular payments to the Commission. Rather, when unemployment benefits are paid to qualified employees of a "reimbursing" employer, that employer is then required to pay back directly to the Commission the amount of such payments, dollar for dollar.

The School District is classified as a "reimbursing" employer by S. C. Code Ann. § 41-31-810 (1986). As such, it reimburses the Commission the amount of benefits paid by the Commission to School District employees. If the Commission recovers here, all parties agree the School District will be credited with the awards.

If the School District were a regular, "contributing" (tax paying) employer, then the collection of the benefits from the teachers by the Commission would not result in a direct credit to the School District. Its account would be relieved of the charges for purposes of tax rate determination, but the collected benefits would be placed back into the Commission's trust fund.

The teachers argue that if the Commission recovers, the Full Faith and Credit Clause will be violated in that the School District would achieve the same net result expressly prohibited by the federal court's consent order. *See Holstein v. Board of Commissioners*, 64 S. C. 374, 42 S. E. 180 (1902) [federal court judgments entitled to faith and credit in state court]; 47 Am. Jur. (2d) *Judgments*, § 1291 (1969).

We agree with the Circuit Court that an employer's category, "contributing" or "reimbursing," is not determinative of the Commission's authority to recoup benefits pursuant to § 41-41-40.

The Commission was not a party to the federal court case, nor is it in privity with the School District. The question of recoupment under § 41-41-40 was not litigated in the federal action, and the teachers' arguments are without merit.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.