483 S.E.2d 770

**Jerry A. JONES, Appellant,**

v.

**CITY OF FOLLY BEACH, Robert Linville, individually and as Mayor of Folly Beach, George Tittle, individually and as Police Chief of Folly Beach, Ben Peeples, individually and as attorney representing the City of Folly Beach, Respondents.**

**No. 2635.**

Court of Appeals of South Carolina.

Heard Nov. 6, 1996.

Decided Feb. 18, 1997.

Rehearing Denied April 24, 1997.

Sharon McCain Rickborn, Columbia, for appellant.

Thomas J. Wills and Robert P. Gritton, both of Barnwell, Whaley, Patterson & Helms, Charleston, for respondent.

HOWARD, Judge:

Jerry A. Jones (Jones) filed suit against the City of Folly Beach, its mayor and police chief (collectively referred to as Folly Beach), alleging causes of action for conspiracy, defamation and violation of the whistleblower statute. The trial court granted Folly Beach's motion for summary judgment on the basis of collateral estoppel. Jones also sued Ben Peeples (Peeples) for defamation, and the trial court granted his motion for summary judgment based on the expiration of the statute of limitations. Jones appeals both rulings. We affirm the disposition of the cause of action against Peeples based on the statute of limitations, but reverse the trial court's determination collateral estoppel bars the remaining causes of action against Folly Beach, Linville and Tittle.

## FACTS

Jones began working as a public safety officer for the Folly Beach Public Safety Department (Department) in January 1990. The factual basis of Jones's complaint arises from two incidents which occurred while he was employed with the Department. These are summarized in a light most favorable to Jones as follows.

### Teachey/Reed Incident

Jones was on patrol in August 1990 when he and another officer discovered a vehicle parked on a sand dune in violation of the city ordinance. The officers then discovered two nude swimmers (Teachey and Reed). The officers arrested Teachey and Reed for indecent exposure and illegal parking. Afterward, Chief Steve Shephard (Shephard) told Jones he had acted appropriately and no formal complaint had been filed. However, in October 1990 Jones learned that Teachey and Reed had filed a formal complaint, and had complained to the mayor. The mayor was highly upset and instituted an investigation into the incident. This ultimately led Shephard

to file a derogatory report in Jones's personnel record in order to appease the mayor. When Jones confronted Shephard, the report was removed from his file.

## Shephard/Linville Incident

In May 1991, Jones was on duty when the Department conducted a DUI traffic checkpoint on Folly Beach. Jones witnessed a confrontation between Shephard and the Mayor of Folly Beach, Robert Linville (Linville). Linville was upset with Shephard for conducting the DUI checkpoint. As a result of this incident, Shephard had Linville arrested for obstruction of justice and disorderly conduct. Jones gave a written statement regarding the incident to the Charleston County Sheriff's Department. Linville temporarily stepped down from his mayoral duties, and the acting mayor fired Shephard and appointed Jones interim chief of police. Shortly thereafter, Linville returned as mayor. Linville sent Jones a memo attempting to assign him to daytime-only patrol. According to Jones, this was the Mayor's attempt to curtail his law enforcement efforts as a favor to bars on the island, because Jones was trying to stop excessive drinking and driving. He maintained it was not only improper management, it was counterproductive since the greatest need for law enforcement occurred at night.

Eventually, Jones was passed over as police chief and demoted to lieutenant when a new one was hired. Jones then quit, claiming he was harassed, demoted, discriminated against, and constructively discharged as a result of these two incidents.

Jones filed suit in the United States District Court for the District of South Carolina, asserting a § 1983 cause of action [1] for a violation of his First Amendment right to freedom of speech. He also pled related state claims for constructive discharge in violation of the whistleblower statute,[2] conspiracy and defamation, asking the federal court to assume supplemental jurisdiction. The same two incidents formed the factu-

1.  42 U.S.C. § 1983 (1994).

2.  S.C.Code Ann. § 8–27–20 (1992).

al basis for these causes of action, and the same damages were claimed.

Jones's counsel apparently assumed until trial that the federal court would take jurisdiction of the state court claims. When asked on the morning of trial, however, the court declined to do so. The court cautioned counsel to limit opening argument and the introduction of evidence to those matters pertinent to the constitutional claim. The trial then proceeded with opening statements, after which Jones gave his testimony concerning both incidents and the resulting damages to him.

Unhappy with the direction of the trial, Jones's attorneys requested a voluntary dismissal without prejudice as to the constitutional claim following the lunch break. Folly Beach opposed the motion, and the trial court refused to grant a dismissal without prejudice. Adamant about not proceeding further with the trial, however, Jones's attorneys decided to take a voluntary dismissal with prejudice as to his federal claim. The federal court then entered orders consistent with its ruling, dismissing the § 1983 action with prejudice, and the state claims without prejudice.

Based on the same incidents, Jones subsequently filed this action in state court, re-alleging the state law causes of action for violation of the whistleblower statute, conspiracy and defamation. Jones added a cause of action for defamation against Ben Peeples, city attorney for Folly Beach, alleging slanderous statements made by him.

The trial court granted Folly Beach's motion for summary judgment as to all causes of action on the basis of collateral estoppel. The court also granted Peeples's motion for summary judgment, concluding the cause of action was barred by the statute of limitations. Jones appeals both rulings.

## SCOPE OF REVIEW

Summary judgment is appropriate when it is clear there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP. To determine whether an issue of fact exists, the evidence and all its inferences must be viewed in a light most

favorable to the nonmoving party. *Koester v. Carolina Rental Ctr. Inc.*, 313 S.C. 490, 443 S.E.2d 392 (1994).

## LAW/ANALYSIS

### I. COLLATERAL ESTOPPEL

On appeal, Jones asserts the trial court erred in granting Folly Beach's motion for summary judgment on the basis of collateral estoppel because the federal court dismissal did not adjudicate the specific issues raised by the pleadings on the merits. Jones also claims the state claims and constitutional claims are not sufficiently similar to justify preclusion.

The federal constitutional claim was concluded after the court declined to assume supplemental jurisdiction over the state claims. Furthermore, the constitutional claim was a different cause of action from the state claims. Under the modern application of claim preclusion, applying a transactional approach to barring the second litigation of claims, it is generally recognized a state court suit alleging theories for recovery of a claim brought originally in federal court is not barred where there has been no recovery and the federal court has declined in the first litigation to exercise its discretionary jurisdiction over the state court theories. Restatement (Second) of Judgments § 25(e) (1982); *see Sub–Zero Freezer Co. v. R.J. Clarkson Co.*, 308 S.C. 188, 417 S.E.2d 569 (1992) (res judicata bars subsequent suit by same party on same issues and claims between same parties arising out of same transaction or occurrence that is the subject of the prior suit).

However, the trial court did not base its ruling on claim preclusion, but confined its decision to the application of collateral estoppel (issue preclusion). Therefore, the question presented is: "Were issues finally determined adversely to Jones in the federal court action, essential to its outcome, which, having been decided adversely to Jones, entitles Folly Beach to summary judgment because they cannot be relitigated?"

This analysis requires determining whether a voluntary dismissal with prejudice is a complete and final judgment of all necessary issues under consideration in the proceeding.

Generally, the adjudication of issues in federal court is operative in state court. *Jarrott v. South Carolina Employment Sec. Comm'n,* 290 S.C. 533, 351 S.E.2d 859 (1986). The judgment of the federal court is entitled to the same conclusiveness as is accorded the judgment of a state tribunal. *Smith v. Volunteer State Life Ins. Co.,* 201 S.C. 291, 22 S.E.2d 885 (1942) (applying doctrine of res judicata to bar a second action in state court, where a previous nonsuit in federal court amounted to a judgment on the merits). In this regard, the doctrine of res judicata has been held to bar an action in state court where the precise point was adjudicated in a federal court action terminated by a directed verdict. *McConnell v. Davis,* 128 S.C. 111, 122 S.E. 399 (1924).

█ It is generally recognized that a dismissal with prejudice indicates an adjudication on the merits and precludes subsequent litigation to the same extent as if the action had been tried to a final adjudication. *Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); *Nunnery v. Brantley Constr. Co.,* 289 S.C. 205, 345 S.E.2d 740 (Ct.App.1986). Where an action has been dismissed with prejudice, the judgment operates in subsequent litigation to the same extent as if the action had been tried to a final adjudication. *Id.; see Collins v. Sigmon,* 299 S.C. 464, 467, 385 S.E.2d 835, 837 (1989) (applying this principle to provide guidance to the trial court on remand regarding causes of action identical to those dismissed in a prior federal case pursuant to Rule 41(b), FRCP, but adding· a "dismissal of a case 'without prejudice means that the plaintiff can reassert the same cause(s) of action by curing the defects that led to dismissal' ").

There is no South Carolina case which has been brought to our attention holding a dismissal with prejudice based on a failure to prosecute a claim will operate to preclude issues which would have been necessarily decided in an adjudication on the merits of the dismissed cause of action. In *Lawlor,* the Supreme Court concluded a dismissal with prejudice, unaccompanied by findings of fact and conclusions of law, could not operate to preclude relitigation of issues in a different cause of action. *Lawlor,* 349 U.S. at 327, 75 S.Ct. at 868.

Our court has peripherally addressed the issue, stating: "The estoppel of a judgment does not extend to matters not expressly adjudicated, and which can be inferred only by argument or construction from the judgment, except where they are necessary and inevitable inferences in the sense that the judgment could not have been rendered as it was without deciding such points." *Carman v. South Carolina Alcoholic Beverage Control Comm'n*, 317 S.C. 1, 6, 451 S.E.2d 383, 386 (1994) (quoting *Dunlap & Dunlap v. Zimmerman*, 188 S.C. 322, 199 S.E. 296 (1938)).

In *Dunlap v. Travelers Ins. Co.*, 223 S.C. 150, 157, 74 S.E.2d 828, 831 (1953), our supreme court held where "all of the facts necessary to prove the material elements in [the second] action would be essentially the same" as those in the first action, the doctrine of estoppel would bar the second action even though the plaintiff brought the second action upon a different claim or demand. However, the court cautioned:

[T]he judgment in the prior action operates as an estoppel only as to those matters in issue upon the determination of which the finding or verdict was rendered. *Therefore, the inquiry here is as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined.* As to those matters litigated, the judgment in that action is conclusive in the present action.

*Id.*, 223 S.C. at 158, 74 S.E.2d at 831 (emphasis added).

Applying these principles here, we observe the final decision in the federal suit was a procedural action dismissing the constitutional claim on a form order containing no findings with regard to the factual issues. It is a final determination on the merits of the cause of action being tried. We further conclude our supreme court has declined to apply the bar of collateral estoppel to speculative comparisons of factual issues not litigated or directly determined in any final decision. *See Dunlap*, 223 S.C. at 150, 74 S.E.2d at 828. Therefore, we conclude the trial court erred by concluding collateral estoppel barred these causes of action.

## II. DEFAMATION

The circuit court granted Peeples's motion for summary judgment because Jones's defamation claim was barred

by the statute of limitations. Jones argues the trial court erred because the defamation was not discovered until three months prior to filing of the action and the discovery rule should apply to libel and slander causes of action in South Carolina.

There is a two year statute of limitations for libel and slander causes of action. S.C.Code Ann. § 15–3–550 (Supp. 1995). A cause of action accrues at the moment when the plaintiff has a legal right to sue on it. *Brown v. Finger,* 240 S.C. 102, 124 S.E.2d 781 (1962). However, if the discovery rule were to apply, the statute of limitations does not begin to run until the plaintiff knew or should have known of the alleged wrongful acts. *Santee Portland Cement Co. v. Daniel Int'l Corp.,* 299 S.C. 269, 384 S.E.2d 693 (1989); *overruled on other grounds by Atlas Food Sys. & Servs. v. Crane Nat'l Vendors,* 319 S.C. 556, 462 S.E.2d 858 (1995); *see Dean v. Ruscon,* 321 S.C. 360, 468 S.E.2d 645 (1996) (discovery rule is applicable to action for trespass upon or damage to real property brought under § 15–3–530(3) so that statute of limitations begins to run when a cause of action reasonably ought to have been discovered).

Jones took Peeples's deposition on February 1, 1994. In his deposition, Peeples admitted he had referred to Jones's conduct during the Teachey/Reed incident as similar to "the Nazis marching nice Jewish people into the gas chambers." Peeples stated he made these comments soon after the incident, which occurred in 1990. If time begins to run on the date of the utterance, then Jones's claim is barred by the statute of limitations. However, if the discovery rule applies, Jones's action was filed within the statute of limitations. Needless to say, Jones argues for the adoption of the discovery rule to causes of action for slander.

In *Santee,* the court applied the discovery rule to contract actions but did not adopt the discovery rule for all causes of action. *Santee Portland,* 299 S.C. at 269, 384 S.E.2d at 693; *see Matthews v. City of Greenwood,* 305 S.C. 267, 407 S.E.2d 668 (Ct.App.1991). *Cf. Austin v. Torrington Co.,* 611 F.Supp. 191, 195 (D.S.C.1985) (district court applied the discovery rule to an action for defamation but the ruling was limited to the facts of the case and stated its holding "does not abrogate the

date of utterance rule which applies in the traditional slander case"); *rev'd on other grounds,* 810 F.2d 416 (4th Cir.), *cert. denied,* 484 U.S. 977, 108 S.Ct. 489, 98 L.Ed.2d 487 (1987).

The trial court was correct in granting Peeples's motion for summary judgment because South Carolina has not adopted the discovery rule in libel and slander cases.

Accordingly, the lower court's order is

**AFFIRMED IN PART, REVERSED IN PART AND RE-MANDED.**

HOWELL, C.J., and HUFF, J., concur.