THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Douglas E.
 David, individually and as the President of Island Refuge, Inc., General
 Partner of Martins Point, LP, and Martins Point, LP, Respondents,
 
 
 

v.

 
 
 
 Martins Point
 Property Owners Association, Inc. and the South Carolina Department of Health
 and Environmental Control Office of Ocean and Coastal Resource Management, Defendants,
 
 of whom Martins
 Point Property Owners Association, Inc. is Appellant.
 
 

Appeal From Charleston County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2011-UP-086   
 Heard September 15, 2010  Filed March 1,
2011

AFFIRMED

 
 
 
 G. Trenholm Walker and Francis M. Ervin, both
 of Charleston, for Appellant
 James Theodore Gentry, Wallace K.
 Lightsey, and Rita Bolt Barker, all of Greenville, for Respondent.
 
 
 

PER
 CURIAM: Martins Point Property Owners Association (Appellant) appeals the trial court's
 ruling enforcing a negative deed covenant and enjoining the construction of a
 dock at a community lot in a subdivision on Wadmalaw Island.  We affirm.
PROCEDURAL BACKGROUND
In
 2005, Douglas E. David, as the sole owner of Island Refuge, Inc., a partner of
 Martins Point Limited Partnership (the LP), brought suit against Appellant, as
 well as the South Carolina Department of Health and Environmental Control
 (DHEC), to enforce a deed restriction prohibiting the construction of a dock
 and permanently enjoining the same (the Covenant Case).  Shortly thereafter,
 the Lowcountry Open Land Trust, Inc., (Lowcountry) filed a separate action
 against Appellant, seeking specific performance of an alleged conservation
 easement (hereinafter the Conservation Easement Case).  The trial court
 granted a motion to consolidate the cases, as well as DHEC's motion for Summary
 Judgment, which dismissed DHEC from the case.  
After
 the trial court heard the matter, but before it issued a ruling, Appellant
 settled the Conservation Easement Case with Lowcountry.   On July 22, 2008, the
 trial court signed an order dismissing the Conservation Easement Case.  On
 August 4, the trial court entered an order finding in favor of the LP on the
 Covenant Case; however, because the order was prepared by the LP prior to the
 settlement, it contained findings and conclusions relating to the Conservation
 Easement Case.  
On
 August 25, Appellant filed a Motion to Reconsider, Alter or Amend, and in
 response, the trial court amended the August 4 order "insofar as it makes
 legal conclusions which affect the Conservation Easement [Case] which was
 originally part . . . [of this case, but] was dismissed by agreement of those
 parties while I had the matter under advisement after trial." 
FACTS
In
 1989, the LP purchased 1,000 acres of property on Wadmalaw Island, which
 included both marsh and river-front property, to be subdivided for the purpose
 of developing a neighborhood.  There were initially six members of the LP, each
 being required to simultaneously purchase a lot in the subdivision when the LP
 closed on the larger 1,000-acre plot.  Of the thirty-two lots, eight have deep-water
 frontage and each of these eight lots now have a private dock. 
When
 the LP initially began the development of Martins Point, the goal of the
 development was to preserve and protect the ecologically valuable area and to design
 and develop it in a low-impact, ecologically friendly manner.  The LP's
 Placement Memorandum states:  "MARTINS POINT LP IS NOT A CONVENTIONAL
 DEVELOPMENT.  THE PRIMARY OBJECTIVE IS TO PROVIDE THE PARTNERS AN OPPORTUNITY
 TO OWN PRIME WATERFRONT PROPERTY IN AN ENVIRONMENTALLY SIGNIFICANT LOCATION. 
 THE PARTNERSHIP IS NOT COMMITTED TO MAXIMIZING RETURN ON INVESTMENT."
The
 LP currently retains ownership of three lots in the subdivision, as well as the
 title to Martins Point Road; however, in August, 1991, the LP deeded to
 Appellant the common areas, consisting of roughly fifty acres, including the
 .725-acre parcel on which the boat ramp and landing area in question is
 located.  The 1991 deed contained the following restriction: "No dock
 shall be constructed as an appurtenance to [the] Common Area containing .725
 acres." 
In
 2001, a number of new property owners began discussing the possibility of
 constructing a boarding dock at the boat ramp.  In 2005, Appellant sought and
 received a permit from DHEC authorizing the construction of ninety-foot long
 fixed pier, ramp, and floating dock.  That same year the respondents brought
 the present action seeking to permanently enjoin the construction of the dock. 
 The trial court found the deed restriction enforceable and enjoined
 construction of the dock.  This appeal followed.   
ISSUES ON APPEAL
1. Did the trial court
 err in making mention of the Conservation Easement Case in its order?
2. Did the trial
 court err in enforcing the deed restriction?
STANDARD OF
 REVIEW
An
 action for an injunction is equitable.  Doe v. S.C. Med. Malpractice Liab.
 Joint Underwriting Ass'n, 347 S.C. 642, 645, 557 S.E.2d 670, 672 (2001). 
 An action to enforce a restrictive covenant is one in equity.  S.C. Dep't of
 Natural Res. v. Town of McClellanville, 345 S.C. 617, 622, 550 S.E.2d 299,
 302 (2001).  In actions at equity, this court may find facts based on its own
 view of the evidence.  Ex parte Gregory, 378 S.C. 430, 436-37, 663
 S.E.2d 46, 50 (2008).  However, while this is a broad standard, this court will
 not disregard the findings of the trial court.  Tiger, Inc. v. Fisher Agro,
 Inc., 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989).  
LAW/ANALYSIS
1.
 Appellant argues the trial court erred in mentioning the conservation easement
 case, specifically, in failing to vacate its findings of facts.  We disagree. 
 Generally, "[w]here an action has been dismissed with prejudice, the
 judgment operates in subsequent litigation to the same extent as if the action
 had been tried to a final adjudication."  Jones v. City of Folly Beach,
 326 S.C. 360, 366, 483 S.E.2d 770, 773 (Ct. App. 1997).  In this case the trial
 court vacated its conclusions of law concerning the conservation easement case,
 and although not explicitly vacating its findings of facts for that case, we
 find the trial court did not rely on those facts in making its decision on the
 deed restriction case.  Accordingly, Appellant was not prejudiced.
2.
 Although Appellant concedes the deed in question contains an express
 prohibition against the construction of a dock, Appellant argues the trial
 court erred in enforcing the deed restriction.  In this regard, Appellant
 maintains that neither the LP nor David has standing to enforce the restriction,
 and further, that the restriction is unenforceable because there is no
 substantial benefit served by its enforcement.  Appellant also argues the
 circumstances have so changed since the conveyance that enforcement of the
 restriction is unreasonable and oppressive.  Generally, a grantor may enforce a
 restriction against a grantee when the grantor owns land that stands to benefit
 from the restriction's enforcement.  McLeod v. Baptiste, 315 S.C. 246,
 247, 433 S.E.2d 834, 835 (1993).  Here, in limiting the number of docks and the
 flow of boat, passenger, and automobile traffic on the waterfront site, the LP's
 interest of minimizing environmental impact is served; therefore, the LP has
 standing to enforce the restriction.[1] 
 Likewise, because the restriction serves the stated purpose of the LP's
 development strategy, the clear restriction is not unenforceable for lack of
 serving a substantial purpose.  See generally Vickery v. Powell,
 267 S.C. 23, 28, 225 S.E.2d 856, 859 (1976) (indicating that a deed restriction
 against mobile homes served no substantial purpose when only a few lots within
 a larger subdivision  where mobile homes were common  were encumbered, and
 nothing restricted permanent homes which resembled mobile homes).  Finally,
 although a number of private docks have been constructed since the 1991 deed
 conveying the common lot, it was never contemplated that such docks would not
 be permitted in Martins Point; thus, conditions have not changed to a degree
 significant enough to warrant ignoring the express deed restriction. See Menne v. Keowee Key Prop. Owner's Ass'n Inc., 368 S.C. 557, 564, 629 S.E.2d 690, 694 (Ct. App. 2007)
 (stating that a party seeking such nullification "must show the change of
 conditions represented so radical a change that the original purpose of the
 restrictive covenant can no longer be realized"). Accordingly, we
 affirm.  
CONCLUSION
For
 the reasons stated above, the ruling of the trial court is
AFFIRMED.
SHORT,
 THOMAS, and LOCKEMY, JJ., concur.

[1]  Because the LP
 has standing to enforce the restriction, we need not address whether David
 personally has the same, nor need we address whether a negative reciprocal
 covenant arose by implication.  Furthermore, contrary to Appellant's position,
 we are aware of no authority which mandates that the benefit of the deed
 restriction to the party seeking to enforce it be measured exclusively in
 economic terms.