**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Reginald M. Gilliam, Appellant,

v.

Judy Burns and Index Journal Newspaper, Respondents.

Appellate Case No. 2011-193966

–––––––––––––

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

–––––––––––––

Unpublished Opinion No. 2013-UP-163
Submitted January 1, 2013 – Filed April 24, 2013

–––––––––––––

**AFFIRMED**

–––––––––––––

Reginald M. Gilliam, pro se.

Steven Michael Pruitt and Hannah Khristin Metts, both
of McDonald Patrick Poston Hemphill & Roper, LLC,
both of Greenwood, for Respondents.

–––––––––––––

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); S.C. Code Ann. § 15-3-550 (2005) (providing the statute of limitations for commencing an action for libel or slander is two years); *Jones v. City of Folly Beach*, 326 S.C. 360, 369, 483 S.E.2d 770, 775 (Ct. App. 1997) ("South Carolina has not adopted the discovery rule in libel and slander cases.").

**AFFIRMED.**[1]

**FEW, C.J., WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.