WILLIAMS, J.:
**113 In this domestic relations matter, James Weatherford (Father) appeals the family court's order awarding maternal grandparents Evelyn Grantham (Grandmother) and David Grantham (collectively, Grandparents) limited visitation with their grandchildren. Father argues the family court erred in unconstitutionally applying section 63-3-530(A)(33) of the South Carolina Code (Supp. 2011) by requiring a fit parent to proceed with grandparent visitation. We affirm.[1]
FACTS/PROCEDURAL HISTORY
Kasey Weatherford (Mother) married Father on August 25, 2001. Mother and Father had two minor children during the marriage. Shortly after the second child's birth, Mother began to suffer from severe depression and substance abuse, and required frequent help caring for the children. Because Father often worked long shifts and traveled out of town, Grandparents, Father's parents, and Father's aunts helped Mother take care of the children. Grandparents were involved in the children's lives since birth, often taking care of the children multiple times each week. Grandparents maintained a relationship with the children much like parents: taking and picking up the children from school, cooking for the children, bathing the children, buying clothes for the children, and taking the children to doctor's appointments. The children had a positive relationship with Grandparents' adopted children, who were very close in age.
In February 2013, Mother and Father separated. In June 2013, Mother and Father signed a custody agreement, granting custody of the children to Father and reasonable visitation **114 to Mother. The parties agreed Mother's visitation would occur at Grandparents' house under Grandmother's supervision. That same month, Father became romantically involved with Rebecca, who quickly became another caretaker for the children. Mother's supervised visitation continued until November 9, 2013, when Mother tragically committed suicide. At Mother's funeral, the minister-whom Grandparents selected to deliver the eulogy-made harsh statements referencing Mother's "abusive marriage" and implying Father bore responsibility for Mother's death. Grandparents apologized to Father and Rebecca after the funeral and denied giving the minister the information behind the statements. However, the parties' relationship quickly began to deteriorate.
After the funeral, Father immediately limited how often Grandparents saw the children. The parties' relationship worsened after a public altercation between Grandparents and Rebecca in front of the children, an argument between Grandparents and Father in which Grandparents blamed Father for Mother's death, and another confrontation between Rebecca and Grandparents around Christmas 2013 when Grandparents expressed their frustration over the small amount of time they spent with the children during the holidays. Due to the parties' strained relationship, Grandparents only visited with the children twice since the funeral, notwithstanding some incidental contact, before Father stopped Grandparents from seeing the children altogether. In January 2014, Grandparents filed this action seeking visitation with the children. The family court appointed a guardian ad litem (GAL) and held a final merits hearing. Subsequently, the family court issued an order awarding Grandparents limited visitation.
Relying on Marquez v. Caudill ,[2] the family court awarded Grandparents one weekend of *767 visitation per month from 5:00 P.M. on Thursday until 5:00 P.M. on Sunday, one week of summer visitation, and visitation any other time the parties agreed. The family court also ordered the parties to attend reunification counseling, forbid Grandparents from associating Father with Mother's death, and charged the GAL with **115 providing recommendations for implementing the court-ordered visitation. Father filed a Rule 59(e), SCRCP, motion seeking reconsideration, which the family court denied. This appeal followed.
ISSUE ON APPEAL
Did the family court err by requiring a fit parent to proceed with grandparent visitation due to an unconstitutional application of section 63-3-530(A)(33) of the South Carolina Code (Supp. 2011)?
STANDARD OF REVIEW
"[T]he proper standard of review in family court matters is de novo ...." Stoney v. Stoney , 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (per curiam). Although this broad scope of review grants the appellate court the authority to find facts in accordance with its own view of the preponderance of the evidence, the appellate court is not required to ignore the family court's superior position to make credibility determinations and to assign comparative weight to witness testimony. Lewis v. Lewis , 392 S.C. 381, 384-85, 709 S.E.2d 650, 651-52 (2011). The appellant bears the burden of convincing the appellate court that the preponderance of the evidence is against the family court's findings. Id. at 388, 709 S.E.2d at 653.
LAW/ANALYSIS
Father argues the family court erred in unconstitutionally applying section 63-3-530(A)(33) of the South Carolina Code (Supp. 2011) by requiring a fit parent to proceed with grandparent visitation. Specifically, Father contends the family court erred in not considering the children's best interests, giving too much weight to the Grandparents' relationship with the children, and making findings inconsistent with the GAL's report. We disagree.
Parents have a fundamental right to make decisions concerning the care, custody, and control of their children. See Troxel v. Granville , 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) ; Camburn v. Smith , 355 S.C. 574, 579, 586 S.E.2d 565, 567 (2003). When considering grandparent visitation over a parent's objection, the family court must allow a **116 presumption that a fit parent's decision is in the best interest of the child. Camburn , 355 S.C. at 579, 586 S.E.2d at 567 (citing Troxel , 530 U.S. at 68-69, 120 S.Ct. 2054 ). Although parents and grandparents are not on equal footing in a visitation contest, the family court may still award visitation over a parent's objection if the contesting grandparents can meet certain requirements. Id. at 579-80, 586 S.E.2d at 568. Subsection 63-3-530(A)(33) codified these requirements and granted the family court the exclusive jurisdiction
to order visitation for the grandparent of a minor child whe[n] either or both parents of the minor child is or are deceased, or are divorced, or are living separate and apart in different habitats, if the court finds that:
(1) the child's parents or guardians are unreasonably depriving the grandparent of the opportunity to visit with the child, including denying visitation of the minor child to the grandparent for a period exceeding ninety days; and
(2) the grandparent maintained a relationship similar to a parent-child relationship with the minor child; and
(3) that awarding grandparent visitation would not interfere with the parent-child relationship; and:
(a) the court finds by clear and convincing evidence that the child's parents or guardians are unfit;[3] or
(b) the court finds by clear and convincing evidence that there are compelling circumstances to overcome the presumption *768 that the parental decision is in the child's best interest.
§ 63-3-530(A)(33) (Supp. 2011).[4]
As to the first requirement, we find Father unreasonably denied Grandparents visitation with the minor children for a period exceeding ninety days. The record demonstrates Mother **117 is deceased and Grandparents presented undisputed testimony that Father unreasonably deprived Grandparents of the opportunity to visit with the children for a period exceeding ninety days.[5]
As to the second requirement, we find that Grandparents had a significant and extensive relationship with the children. The record indicates Grandparents maintained a parent-child relationship with the children: taking the children to and from school, cooking for the children, bathing the children, buying clothes for the children, and taking the children to doctor's appointments.
As to the third requirement, we find awarding grandparent visitation will not interfere with Father's relationship with the children. Grandmother's testimony demonstrates that the children developed a positive relationship with Grandparents prior to Mother's death and spent time with Mother at Grandparents' house. Grandmother knew the children had a loving relationship with Father, respected that relationship, and insisted that visitation would not interfere with Father's ability to parent. Therefore, we find granting limited grandparent visitation of one weekend per month and one week during the summer will not interfere with Father's relationship with the children. See Marquez , 376 S.C. at 249, 656 S.E.2d at 747 (finding an award of two weeks visitation during the summer and one week during the Christmas holidays did not interfere with the father's relationship with the child); Dodge v. Dodge , 332 S.C. 401, 416, 505 S.E.2d 344, 352 (Ct. App. 1998) (finding the proposed visitation amount reasonable under the circumstances and awarding grandparents one weekend of visitation with grandchildren each month and two weeks during the summer after the death of grandchildren's biological mother).
Finally, we find compelling circumstances justify granting visitation over Father's objection.[6] Our supreme court specifically **118 addressed the issue of compelling circumstances in Marquez . The acutely similar facts make Marquez dispositive of this issue.
In Marquez , a maternal grandmother sought visitation of her daughter's youngest child after her daughter's suicide. 376 S.C. at 233-34, 656 S.E.2d at 739. The maternal grandmother only saw her daughter's children intermittently since their birth due to her living and working out of state. Id. at 238-39, 656 S.E.2d at 741-42. In Marquez , because the youngest child's stepfather adopted the child, the supreme court recognized the stepfather is treated as the child's parent. Id. at 249 n.11, 656 S.E.2d at 747 n.11. Our supreme court affirmed the family court's limited visitation award-two weeks during the summer months and one week during the Christmas holidays-to the grandmother. Id. at 249, 656 S.E.2d at 747. Addressing its decision in Camburn and applying section 63-3-530, our supreme court held, "a biological parent[']s death and an attempt to maintain ties with that deceased parent[']s family may be compelling circumstances *769 justifying ordering visitation over a fit parent[']s objection." Id.
Turning to the present case, we find the family court correctly relied on Marquez to find compelling circumstances existed to justify ordering visitation over Father's objection. Father argues the facts of this case are unique and different from Marquez. Notwithstanding the similarity in the death of a biological parent, the circumstances here provide a stronger basis for finding compelling circumstances than in Marquez . Unlike the maternal grandmother in Marquez , who only saw her grandchildren rarely before moving closer to them just before seeking visitation, Grandparents developed deep ties with their grandchildren from birth, and saw the children multiple times each week until Mother's funeral. Grandparents fostered this relationship by taking the children to and from school, cooking for the children, bathing the children, buying clothes for the children, and taking the children to doctor's appointments. Even after Mother's death, Grandparents continued **119 to attempt to visit the children. Although one witness advocated against visitation, other witnesses advocated for Grandparents' visitation, testifying that the children loved Grandparents, the children wanted Grandparents involved in their lives, and that prohibiting Grandparents' visitation could be harmful to the children. See Camburn , 355 S.C. at 579, 586 S.E.2d at 568 (finding significant harm to the child constituted compelling circumstances). Therefore, we find compelling circumstances exist to justify granting grandparent visitation over Father's objection.
Because we find Grandparents satisfied section 63-3-530(A)(33)'s requirements, the family court's limited visitation award to Grandparents is
AFFIRMED.
LOCKEMY, C.J., and KONDUROS, J., concur.

We decide this case without oral argument pursuant to Rule 215, SCACR.

376 S.C. 229, 249, 656 S.E.2d 737, 747 (2008) (finding "a biological parent[']s death and an attempt to maintain ties with the deceased parent[']s family may be compelling circumstances justifying ordering visitation over a fit parent[']s objection").

Grandparents concede that Father is a fit parent.

Despite Father's contention that the subsequent 2014 amendment to subsection 63-3-530(A)(33) should apply, Grandparents filed their action in January 2014 when the 2010 amendment was in effect. Therefore, we apply the 2010 amendment. See Bergstrom v. Palmetto Health Alliance , 358 S.C. 388, 397, 596 S.E.2d 42, 46-47 (2004) ("In South Carolina, the law in effect at the time the cause of action accrued controls the parties' legal relationships and rights." (quoting Stephens v. Draffin , 327 S.C. 1, 5, 488 S.E.2d 307, 309 (1997) ) ).

On appeal, Father does not contest that Grandparents met this statutory requirement.

Father argues the family court improperly considered Grandparents' best interest, rather than the children's best interest, when the family court found, "[Grandparents] are fit and proper individuals and there is no evidence that having a relationship with the minor children is not in their best interest." (emphasis added). Father contends "their" refers to the Grandparents' best interests and not the children's. When read in context of the preceding sentence in the family court order, which referenced the best interest of the minor children, we find "their" refers to the minor children, not Grandparents. Therefore, we find the family court did not improperly consider Grandparents' best interests.